(Decided 8th June, 1876.)

# MARVIN EASTWOOD *vs.* CHARLES KENNEDY.

*Act of Congress of 1870, ch. 59, regulating the rate of Interest in the District of Columbia—Question whether the provision in that Act as to the time within which suit must be brought, to recover back the Interest in cases of Usury, applies to suits brought in this State—Prayer held to be bad for not submitting a Material fact to the Jury.*

The Act of Congress of 1870, ch. 59, regulating the rate of interest in the District of Columbia is of such public nature that the Courts of this State could take judicial notice of it, wherever the Courts of the United States would do so.

The 1st section of that Act establishes the legal rate of interest in the District of Columbia, at six per cent. Sec. 2 permits parties to stipulate in writing for any rate not exceeding ten per cent. Sec. 3 forfeits the whole interest under any parol contract providing for a greater rate than six per cent., or written contract stipulating for more than ten per cent. Sec. 4 provides for the recovery of all the interest paid, where more has been exacted than allowed by the Act, provided suit to recover the same, be brought within one year after such payment. In an attachment brought in Maryland by K. against E., as a non-resident, E. among other pleas, pleaded by way of set-off, that the plaintiff was indebted to him for money paid the plaintiff on

Eastwood *vs.* Kennedy.

account of usurious interest; and proved that he had paid the amount of the set-off to the plaintiff, for usurious interest upon loans made in the District of Columbia, where both parties resided. Said payments were made more than one year, but most of them within three years before the plea was filed. HELD:

1st. That a prayer offered by the defendant asserting his right to recover the excess above six per cent. paid by him, but failing to submit to the jury to find that the loan was upon a verbal contract only, was bad.

2nd. That the right to recover for the illegal interest, being given by the Act of Congress, must be subject to the terms prescribed by that Act, as to the time within which the right must be asserted.

3rd. That the sums paid by the defendant in the District of Columbia, more than one year before the account in bar was filed, could not be abated from the plaintiff's claim.

APPEAL from the Circuit Court for Prince George's County.

The appellee Kennedy sued out an attachment against the appellant, Marvin Eastwood, as a non-resident debtor. The latter on the 12th of October, 1874, pleaded by way of set-off that the plaintiff was indebted to him for money paid the plaintiff on account of usurious interest, and in connection with his plea filed the following account in bar:

Charles Kennedy,
　　　　　To Marvin Eastwood.

1871.

| | | | | | | |
|---|---|---|---|---|---|---|
| May | 31st. | To this sum paid as usurious interest, | | | | $60 00 |
| June | 2nd. | " | " | " | " | 20 00 |
| 1872. | | | | | | |
| Jan. | 20. | " | " | " | " | 40 00 |
| Feb. | 24. | " | " | " | " | 40 00 |
| March | 18. | " | " | " | " | 40 00 |
| | 23. | " | " | " | " | 28 00 |
| April | 20. | " | " | " | " | 60 00 |

Eastwood *vs.* Kennedy.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| May | 2. | To this sum paid as usurious interest, | | | | $ | 5 | 00 |
| | 21. | " | " | " | " | | 73 | 66 |
| June | 7. | " | " | " | " | | 5 | 00 |
| | 20. | " | " | " | " | | 75 | 00 |
| July | 20. | " | " | " | " | | 70 | 00 |
| Aug. | 20. | " | " | " | " | | 70 | 00 |
| | 26. | " | " | " | " | | 10 | 00 |
| Oct. | 19. | " | " | " | " | | 80 | 00 |
| Nov. | 21. | " | " | " | " | | 80 | 00 |
| Dec. | 21. | " | " | " | " | | 80 | 00 |
| 1873. | | | | | | | | |
| Jan. | 2. | " | " | " | " | | 2 | 25 |
| | 15. | " | " | " | " | | 5 | 00 |
| | 20. | " | " | " | " | | 80 | 00 |
| Feb. | 21. | " | " | " | " | | 80 | 00 |
| March | 20. | " | " | " | " | | 80 | 00 |
| April | 21. | " | " | " | " | | 80 | 00 |
| May | 16. | " | " | " | " | | 2 | 00 |
| | 21. | " | " | " | " | | 80 | 00 |
| | | | | | | $1,245 | | 91 |

The plaintiff in reply relied on the Statute of Limitations.

*Exception.*—At the trial it was proved by the defendant that the several sums of money charged in the account in bar, were sums of money paid by the defendant to the plaintiff on loans of money from the plaintiff to the defendant as usurious interest, that they were sums of money paid as usurious interest at the rate of two per cent. per month, and they were exacted and paid at the respective dates stated in the account, and that the plaintiff has never repaid to him any part of the said sums so exacted and paid as usurious interest, and that at the time the said sums of money were paid as usurious interest, the plaintiff and defendant both lived in Washington City, D. C., and the loans were made there.

The plaintiff then offered eight prayers, and the defendant three, but only the plaintiff's eighth, and the defendant's third prayer were passed upon by the Court.   The eighth prayer of the plaintiff was as follows :

8. If the jury find from the evidence, that the defendant paid the plaintiff any of the items of charge in his account in bar, for excessive interest, and find that the said interest was paid in the District of Columbia more than one year from the filing of the account in bar in this case, and further find that the defendant did not sue or claim to receive back the said interest from the plaintiff, within one year from the time of the payment, then the defendant is not entitled to recover the same, or to have it abated from the plaintiff's claim in this suit.

The defendant's third prayer was as follows :

3. If the jury shall find from the evidence in the cause, that the defendant, within three years prior to the filing of the account in bar, paid to the plaintiff any sums of money as usurious interest, upon loans of money made by the plaintiff to the defendant, then the defendant is entitled to off-set against the amount found to be due on the note, any such sums of money paid as usurious interest, over and above the rate of six per cent. interest, and the fact that he did not claim or demand the same prior to the institution of this suit, does not prevent the defendant from off-setting the same.

The Court (MAGRUDER, J.,) granted the plaintiff's first, sixth and eighth prayers, and rejected his other prayers, and granted the defendant's first and second prayers, and rejected his third prayer.

The defendant excepted.   The jury rendered a verdict for the plaintiff, and judgment was entered accordingly. The defendant appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, MILLER and ALVEY, J.

*Daniel Clarke,* for the appellant.

The Court erred in granting the plaintiff's eighth prayer. This prayer was framed upon the Act of Congress of 1870, ch. 59, sec. 4. This Act of Congress, as appears from the exception, was not offered in evidence to the jury, but was produced in the argument of the prayers, and the Court took judicial notice of the Act, without the same being offered in evidence to the jury. The Court had no right to take judicial notice of the Act, it being a local Act for the District, and it was necessary to offer the Act in evidence to the jury, before it could be made the foundation of a prayer, and the Act is not before this Court, so that it can take judicial notice of the same. *Gardner vs. Lewis,* 7 *Gill,* 393, 394, 395 ; *Green & Trammell vs. Trieber,* 3 *Md.,* 11 ; *Trasher vs. Everhart,* 3 *G. & J.,* 234 ; *Cecil Bank vs. Barry,* 20 *Md.,* 287 ; *Hempbell vs. Bank of Alabama,* 6 *Smedes & Marshall,* 44.

The *factum* of a foreign law is for the jury to find from the evidence, yet it is the duty of the Court to construe it especially if it be in writing, and to direct the jury as to its force and effect. *Cecil Bank vs. Barry,* 20 *Md.,* 287. In this case the Court does not submit the finding of the *factum* of the Act of 1870, ch. 59, to the jury, but assumes its existence, and instructs the jury as to its force and effect. This was error.

While the contract for the loan of the money made in the District of Columbia, would be governed by the *lex loci contractus,* yet if by the *lex loci contractus,* the rate of interest taken in the District of Columbia, was usurious there, when the same is sought to be recovered in this State, the remedy for its recovery and the period of limitations will be governed by the *lex fori* and not the *lex loci contractus.* The amount sought to be recovered, is the *usurious* interest of two per cent. per month ; this rate of interest is usurious both by the law of the *lex loci contractus,* and the *lex fori* or the law of the State of Maryland.

If it can be recovered back by suit in *assumpsit*, it can be pleaded in bar as an off-set in this suit. *Code, Art.* 75, *secs.* 12, 13 ; *Milburn vs. Guyther,* 8 *Gill,* 92.

The *lex fori* will govern in pursuing the remedy, and not the *lex loci contractus. Trasher vs. Everhart,* 3 *G. & J.,* 234 ; 2 *Kent's Com.,* (*Ed. of* 1851,) 578, 579 ; *Bank of U. S. vs. Donnelly,* 8 *Peters,* 361 ; *Pickering vs. Fish,* 6 *Vermont,* 108 ; *Wood vs. Wilkinson,* 17 *Conn.,* 500.

The Statutes of Limitations of a foreign State or country, are in no case pleadable in our Courts, but our own Statutes of Limitations are applicable to all actions. *Bank of U. S. vs. Donnelly,* 8 *Peters,* 361 ; *Tappan vs. Parr,* 15 *Mass. R.,* 419 ; *Ruggles vs. Kuler,* 3 *Johns. Rep.,* 263 ; *Harper vs. Hampton,* 1 *Har. & Johns.,* 453 ; *McElmoyle vs. Cohen,* 13 *Peters,* 312, 327 ; *Townsend vs. Jemison,* 9 *Howard,* 414 ; *Pickering vs. Fish,* 6 *Vermont,* 108; *Estes vs. Kyle,* 1 *Meig's Tenn. R.,* 34.

The defendant's third prayer should have been granted. It proceeds upon the theory that the law of the State of Maryland is to govern the defendant in the remedy for recovering back the usurious interest paid by him to the plaintiff. The law of the District of Columbia was not offered in evidence to the jury, and in the absence of any evidence as to the law of the District, or the finding of the jury as to the existence of such law, the law of the State of Maryland must govern. *Harper vs. Hampton,* 1 *H. & J.,* 687; *Haney vs. Marshall,* 7 *Md.,* 195.

The plea of set-off in this case, is in the nature of an action of *assumpsit,* to recover back the usurious interest, and the right to recover is fully sustained by the case of *Scott vs. Leary,* 34 *Md.,* 389.

*Phil. H. Tuck* and *Wm. H. Tuck,* for the appellee.

It was not necessary to plead the Act of Congress as an Act of Limitations, for it is not of that character, in the sense in which the law deals with the Act of Limitations,

as a plea not to the merits, and therefore necessary to be pleaded.

Wherever time so far affects a transaction, that the right to sue is gone, if not availed of within the time, it is of the essence of the contract.

Where rights are conferred by statute, where none existed before, and it is made necessary to enforce the right within a specified time, and if in such cases a promise made after the expiration of the time, would not revive the statutory remedy, the lapse of time need not be specially pleaded on the principle of an Act of Limitations, but the defence may be taken under the general issue.

It is contended on the part of the appellant, that this Act of Congress cannot be noticed by the Court, because not offered in evidence below, to be found as a fact by the jury. A law of Congress is not a foreign law to be proved as matter of fact.

The Constitution of the United States, Article 1, sec. 8, confers upon Congress exclusive legislation over the District; and the Bill of Rights, Article 2, declares that the Constitution of the United States and the laws made, or which shall be made, in pursuance thereof, &c., are and shall be the supreme law of the State, &c. This mandate of the Bill of Rights, that our Courts shall be bound by the laws of Congress, does not distinguish between public, local and private Acts. It embraces all the Acts of Congress, and when published, the Courts must take judicial notice of them.

Our State Courts take notice of the Public Local Laws of the Counties. *Rawlings vs. State,* 2 *Md.,* 201, 203.

But Acts of Congress, if necessary to be proved, are not proper subjects for a jury ; and this Court will assume that the Court below had proper cognizance of the Act in question. *Story on Conflict of Laws, sec.* 638 ; *Trasher vs. Everhart,* 3 *G. & J.,* 242.

STEWART, J., delivered the opinion of the Court.

To the plaintiff's demand, the defendant filed a claim in bar, for usurious interest alleged to have been paid by him; and the ground of dispute has turned upon the availability of this defence.

The plaintiff insists that by the provisions of the Act of Congress of 1870, ch. 59, regulating the rate of interest in the District of Columbia, and prescribing the right of re- covering back the whole interest, where usurious interest has been paid ; if a suit therefor, is brought within the designated period, the claim of the defendant is barred by the statutory limitation.

The defendant, on the contrary, contends that his claim is not subject to the limitation prescribed by the Act, in a proceeding within this jurisdiction for its recovery, where a different and longer period for the limitation of actions governs—that the limitation is one of local policy, affect- ing merely the remedy but not the debt itself.

The eighth prayer of the plaintiff, and the third prayer of the defendant, present these different and respective propositions, upon which the controversy between the par- ties is made to depend.

A preliminary question has been presented, as to whether the Act of Congress was properly before the Circuit Court.

The Act of Congress was of such public nature, the regu- lation of the rate of interest for the District of Columbia, that the Circuit Court could take judicial notice of it, wher- ever the Courts of the United States would have done so.

By the 47th sec. of 37th Art. of the Code, the printed volume purporting to contain the statutes of the United States, is made evidence thereof without further proof.

The Act establishes for the District by the first section, the legal rate of interest at six per cent.

The second section permits parties to stipulate in writing for any rate not exceeding ten per cent.

The third section forfeits the whole interest under any parol contract, providing for a greater rate than six per

cent., or written contract stipulating for more than ten per cent.

Differing in this respect from the law of this State, Code, Art. 95, which only forfeits the excess over the legal rate.

The fourth section provides for the recovery of all the interest paid, where more has been exacted than allowed by the Act, provided suit to recover the same be brought within one year after such payment.

The defendant's account in bar, is for alleged usurious interest paid to the plaintiff at the sundry times stated therein, and his third prayer claims to be allowed for the usurious interest over the rate of six per cent.

The Act of Congress allows as high as ten per cent. interest, where it is so stipulated in writing—otherwise six per cent. is prescribed as the rate—neither the account nor any testimony in the record shows, whether the legal rate of interest upon the money loaned to the defendant was ten or six per cent., and the defendant's third prayer, which asserts his right to recover the excess above six per cent. paid by him, failed to submit to the jury to find that the loan was upon a verbal contract only ; for this reason there was no error in the rejection of the prayer.

But assuming the prayer was not defective in this particular, and such testimony could have been supplied, to show the *excess* over whatever was the legal rate, the defendant could not sustain his claim in this jurisdiction, if its recovery could not have been enforced in the District where the money was loaned.

It would not be competent, for a party to recover here for a claim where none existed under the law of the place where the contract was made ; or if it had existed, to resuscitate it, where under the local law, it had ceased to be of any effect.

There can be no doubt of the principle, that the *lex loci contractus* governs the construction of the contract as to

·the rights acquired thereunder; and the *lex fori*, the remedy. This is true, where there is a subsisting contract to be interpreted and enforced.

But where the contract is made in reference to the *lex loci*, that is, where that law regulates the contract, defining the rights of the parties thereunder, and prescribing the remedies, it necessarily enters into its essence, forming a constituent element thereof, and the contract and the rights of the parties thereunder, must be enforced accordingly. The contract relied upon by the defendant was made in the District—the Act of Congress establishes the rate of interest between the parties there contracting—it provides the terms and the extent of the defendant's right of recovery for all illegal interest paid. Under such circumstances, if the defendant can, notwithstanding, recover it here, or any part of it without complying with the condition provided in the Act; a different contract must be substituted for the parties, from that recognized by the law of the place where it was made. Such, we apprehend is not the law; on the contrary, the obligation of the contract ceasing to have effect in the District, under the Act in question, cannot be enforced within our jurisdiction. See *Woodbridge vs. Austin,* 2 *Tyler,* 364; *Goodman vs. Munks,* 8 *Porter,* 84; *Brown vs. Brown,* 5 *Ala.,* 508; *Fears vs. Sykes,* 35 *Miss.,* 633; *Worden vs. Wall,* 2 *Wash.,* 282; 2 *Bingham's New Cases,* 211; *De Wolf vs. Johnson,* 10 *Wheat.,* 367; *Varick vs. Crane,* 3 *Green's Ch.,* 128; *Turpin vs. Powell,* 8 *Leigh,* 93; *Newman vs. Kershaw,* 10 *Wisconsin,* 333; *Arnold vs. Potter,* 22 *Iowa,* 149; *Smith vs. The Muncie Natl. Bank,* 29 *Ind.,* 158.

There was no error in the refusal of the defendant's third prayer, and he was not injured by the granting of the plaintiff's eighth prayer.

*Judgment affirmed.*

(Decided 8th June, 1876.)