BOYD, Adm'r, etc., *v.* CLARK and others.

(*Circuit Court, E. D. Michigan.* October 17, 1881.)

1. CONFLICT OF LAWS—RIGHTS AND REMEDIES—PERIODS OF LIMITATION.

Where a statute gives a right unknown to the common law, and limits the time within which an action shall be brought to assert such right, such limitation will be enforced by the courts of any state wherein the plaintiff may sue. Hence, where a statute of the province of Ontario gave compensation for death, caused by the wrongful act of another, and further provided that action should be brought within 12 months after such death, it was *held* that this limitation was also applicable to actions brought in the state of Michigan under this statute.

## On Demurrer to Declaration.

This is an action, based upon a statute of the province of Ontario, to recover damages for the death of plaintiff's intestate by reason of the alleged negligence of the defendants. The declaration sets forth that plaintiff's intestate (his son) was in the employment of defendants as a deck hand upon the steam-boat Alaska, owned by defendants and engaged in navigation as a common carrier between Detroit and Sandusky; that by reason of negligence and want of proper care on the part of the owners in regard to the construction and equipment of the steamer, and in permitting her to race with another vessel, the boiler exploded, while the steamer was in the waters of said province, and plaintiff's son was thrown into the lake and drowned. The declaration then sets forth the statute relied upon, the material portions of which read as follows:

" Sec. 2   Whenever the death of a person has been caused by such wrongful act, neglect, or default as would, if death had not ensued, have entitled the party injured to maintain an action to recover damage in respect thereof, in such case the person who would have been liable if death had not ensued, shall be liable to an action for damages, etc.

" Sec. 3. Every such action shall be for the benefit of the wife, husband, parent, and children of the person whose death has been so caused, and shall be brought by and in the name of the executor or administrator of the person deceased, and in every such action the judge or jury may give such damages as they think proportioned to the injury resulting from such death to the parties respectively for whom and for whose benefit such action has been brought; and the amount so recovered, after deducting the costs not recovered from the defendant, shall be divided among the before-mentioned parties, in such shares as the judge or jury by their verdict find and direct.

Sec. 5. Not more than one action shall lie for and in respect of the same subject-matter of complaint, and every such action shall be commenced within 12 months after the death of the deceased person."

Here follow the usual averments as to the next of kin, and the appointment of complainant as administrator.

To this declaration defendants demurred, mainly upon the ground that the action was not begun within the year, as required by section 5 of the statutes.

*William I. Carpenter* and *Alfred Russell*, for complainants.

*F. H. Canfield* and *G. V. N. Lothrop*, for defendants.

BROWN, D. J. It is a well-established principle of law that where a right of action is given by a state statute such right may be enforced in another state, and also that such right will be enforced according to the forms and modes of procedure in use in the latter state. Or, to put it briefly, the *lex loci contractus* governs the rights of parties, but the *lex fori* determines the remedy. This principle has been applied in a large number of cases arising upon contracts, but in the recent case of *Dennick* v. *Railroad Co.* 103 U. S. 11, it was applied to a statute of this description, where the administrator brought his action in another state. An almost unbroken series of adjudications has also established the further proposition that the time within which an action may be brought relates generally to the remedy, and must be determined by the law of the forum. Hence, it would follow that if this statute contained no limitation of time within which an action must be brought, and the time had been left to depend upon the general statutes of limitations in the province of Ontario, it is clear that we should have disregarded such statute, and permitted the plaintiff to bring this action at any time before actions of this description would be barred by the statutes of this state.

An exception to this general rule, however, is suggested by Mr. Justice Story, in his Conflict of Laws, § 582, of cases where the statutes of limitation or prescription of a particular country do not only extinguish the right of action, but the claim or title itself, *ipso facto,* and declare it a nullity after the lapse of the prescribed period; and the parties are within the jurisdiction during the whole of that period, so that it has actually and fully operated upon the case.

"Suppose, for instance, personal property is adversely held in a state for a period beyond that prescribed by the laws of that state, and, after that period has elapsed, the possessor should remove into another state, which has a longer period of prescription, or is without any prescription, could the original owner assert a title there against the possessor, whose title, by the local law and the lapse of time, had become final and conclusive before the removal."

The cases of *Shelby* v. *Guy,* 11 Wheat. 361; *Goodman* v. *Munks,* 8 Port. 84, (overruled by *Jones* v. *Jones,* 18 Ala. 248;) *Brown* v. *Brown,* 5 Ala. 508; and *Fears* v. *Sykes,* 35 Miss. 633, do, in fact, lend support to this distinction; the general tenor of these cases being to the effect that where the statute of one state declares that the possession of personal property for a certain period vests an absolute title, such

prescription will be enforced in every other state to which the property may be removed, or wherein the question may arise.

In the *P., C. & St. L. R. Co.* v. *Hine*, 25 Ohio St. 629, it was held that under an act requiring compensation for causing death by wrongful act, neglect, or default, which gave a right of action provided such action should be commenced within two years after the death of such deceased person, the proviso was a *condition* qualifying the right of action, and not a mere limitation on the remedy. The accident occurred on the twenty-fourth of September, 1870. The suit was begun on the twenty-third of January, 1873. In March, 1872, the act was amended by increasing the amount for which recovery might be had, and by omitting the limitation contained in the proviso, and also by repealing the section as it stood before. The court held that in creating or giving the right it was within the power of the legislature to impose upon it such restrictions as were thought fit; and if restrictions were imposed, they must be referred to the newly-created right itself, if the restricted language used would warrant it; for the act being in derogation of the common law, any restrictive language used in it must be construed against the right created by it. And it was also suggested that it would have been different if the act were merely remedial as to existing rights. It was further held that the plaintiff's rights must be determined as the act originally stood, and was therefore subject to the restrictions contained in the proviso, and the action, not having been brought within the two years, could not be sustained. The case differs from the one under consideration only in the fact that the limitation was contained in a proviso to the section directing in whose name the action should be brought.

In the case of *Eastwood* v. *Kennedy*, 44 Md. 563, it was held that where a statute of the United States for the District of Columbia gave a claim for the recovery of usurious interest, provided suit to recover the same be brought within one year after the payment of such interest, that it would not be competent for a party to recover in Maryland after the lapse of a year, and that the courts of that state were bound to respect and apply the limitations contained in the act. The cases of *Baker* v. *Stonebraker's Adm'r*, 36 Mo. 349, and *Huber* v. *Stiener*, 2 Bing. (N. C.) 202, are somewhat analogous, but throw little additional light upon the question.

To this extent go the authorities, and no further. None of them are controlling here. None are precisely upon all-fours with the case under consideration. We are compelled, then, to deal with it to a certain extent as an original question. The legislature of Ontario has

given a right unknown to the common law, but it has seen fit to qualify this right by providing that no more than one action shall lie for the same subject-matter, and that every such action shall be commenced within 12 months after the death of a deceased person.

To permit an action to be brought upon it here after the 12 months would be giving plaintiff a right which the statute he invokes does not authorize, and to that extent nullifying the statute. In the *Dennick Case* the supreme court held that the method of distribution provided by the local act, although a part of the remedy, should be pursued by the court in which the action is brought. It would seem from this that even so far as the remedy is concerned the court will not universally adopt the law of the former. The true rule I conceive to be this: that where a statute gives a right of action unknown to the common law, and, either in a proviso to the section conferring the right or in a separate section, limits the time within which an action shall be brought, such limitation is operative in any other jurisdiction wherein the plaintiff may sue.

It results from this that the action is barred by the statute and the demurrer must be sustained