O'SHIELDS *v.* THE GEORGIA PACIFIC RAILWAY COMPANY.

1. After a declaration has been amended, a motion to dismiss the action raises no question as to the right to amend, but only touching the sufficiency of the declaration as amended.
2. The amendments made a good declaration under the statute of Alabama.
3. Where a right of action for a tort is given by a statute of another State, and no period of limitation is prescribed otherwise than by the general law of limitation prevailing in that State, the *lex fori*, not the *lex loci*, applies on the subject of limitation.

November 11, 1889.

Practice. Amendment. Actions. Torts. Limitations. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1889.

Reported in the decision.

Cox & REED, for plaintiff.

JACKSON & JACKSON, for defendant.

BLECKLEY, Chief Justice.

The plaintiff was an employé of the defendant as a

car-coupler. While on duty in the State of Alabama, he received a personal injury, in consequence partly of the negligence of the engineer and conductor, his co-employés, and partly in consequence of the defective condition of a certain part of one of the cars called a drawhead. As the original declaration stood, it would seem that the defective drawhead was referred to, not as an independent cause of action, but as a circumstance relied upon to charge the engineer and conductor with a higher degree of diligence on their part than would otherwise have been requisite. The suit was commenced on February 14th, 1888, returnable to the following March term of the superior court. During the corresponding term of 1889, two amendments to the declaration were filed, and service of the same was acknowledged by defendant's attorneys. At the September term, 1889, the case was called for trial, when the defendant moved orally to dismiss the same upon the ground that the declaration set forth no cause of action at common law, and because the right of action under the Alabama statute was barred by limitation therein as to time. The court sustained the motion and dismissed the action; and the plaintiff excepted.

1. The motion to dismiss was equivalent to a general demurrer, and as the declaration had been amended and the amendments served at the preceding term, the demurrer was aimed not alone at the declaration as it stood originally, but as it became by the addition of the two amendments. In the argument here, it was contended that inasmuch as the amendments, if objected to, ought to have been stricken or disallowed, the fact that they were made should count for nothing; but we think otherwise. Had the defendant desired to raise the question whether such amendments could be engrafted on such a declaration, a motion should have been made to strike the amendments or take them off

the files.   By not making that motion the defendant
acquiesced in the amendments, and such acquiescence
at the time the case came up for trial was equivalent to
consenting to the amendments as a part of the plead-
ings duly before the court.   The judgment rendered on
the motion actually made, which, as we have said, was
equivalent to a general demurrer, was rendered upon
the plaintiff's pleadings as a whole, and if left unre-
versed, would be a binding adjudication upon the merits
of the declaration as made by the amendments, and
would bar any future action brought by the plaintiff as
effectually as would a judgment rendered on the verdict
of a jury.  Kimbro v. Virginia, etc. Ry. Co., 56 Ga. 185.
It would be quite unfair to give a defendant the benefit
of a judgment on demurrer to the declaration as
amended, and then allow him to uphold the judgment
by insisting that the plaintiff had no right to amend.
Surely, if a waiver of any objection whatever to an
amendment would not result from demurring generally
to all the plaintiff's pleadings, raising no question as
to the right to amend, we know of nothing from which
such a waiver would result.

2. Turning now to the amendments.   One of these
attributes the plaintiff's injury to the negligence of the
defendant in not having a drawhead safe and in good
repair, alleging that the chain from the coupling-pin
was broken off so that the plaintiff had to lay his hand
upon the pin to do his duty, whereas if the chain had
been intact, he could have pulled out the pin by means
of the chain and would not have been injured.   It pro-
ceeds to allege that this, together with the negligence
of the engineer and conductor, caused the injury, with-
out any fault on the part of the plaintiff.   The other
amendment sets forth a statute of Alabama embodied
in the code of 1886, §2590, which renders the employer
liable to answer in damages to an employé as if he were

a stranger, in several enumerated instances, amongst them, when the injury is caused by reason of any defect in the condition of machinery, or by reason of the negligence of any person in the service of the employer who has the charge or control of a locomotive, engine or train upon a railway, etc. If the declaration, as originally framed, had contained all the matter of these two amendments, there is no dispute but that a cause of action would have been set forth. From what has been said under the preceding head, it is manifest that in our opinion the declaration should be treated, on a motion to dismiss the action, as though it had in fact contained the matter of these amendments originally. Had there been an objection in due time to incorporating the amendments with the declaration, or a motion to sever them from the declaration, there may or may not have been a cause of action without them. Our present opinion is that the original declaration, standing alone and tried by common law, was fatally deficient, but aided by the amendments brought in, and suffered by the defendant's acquiescence to remain in, it is not now to be tested by the common law, but by the Alabama statute, and so tested it presents a cause of action which the defendant must meet and answer.

3. We have examined the Alabama statute both as set out in the code and as it appears in the acts of 1885, p. 115, and in neither is their any limitation as to the time within which the action based upon the statutory right is to be brought. The limitation prescribed is found alone in the general limitation law of Alabama, code of 1886, section 2619, which fixes the limitation at one year for various actions, such as malicious prosecution, *crim. con.*, seduction, breach of marriage promise, libel, slander, etc., and concluding with "actions for any injury to the person or rights of another, not arising from contract, and not herein specifically enu-

merated." As the amendment pleading the statute was filed more than one year after the injury, this action, had it been brought in Alabama, might have been barred, but the limitation law of Georgia applicable to such actions is two years, and the amendment was filed within that period. It follows that without having recourse to the doctrine of relation, the amendment was not too late provided the limitation law of the *forum*, and not that of the place of the injury, applies; and we think it does apply. Where torts are committed in foreign countries, or beyond the territorial jurisdiction of the sovereignty in which the action is brought, the *lex fori* governs, no matter whether the right of action depends upon the common law or a local statute, unless the statute which creates or confers the right limits the duration of such right to a prescribed time. This will appear from an examination of the following authorities: Pollock Torts, 138 (Text Book Series); Wood on Lim., 23, §9; Nonce *v.* Richmond & D. R. R. Co., 33 Fed. Rep. 429; The Harrisburg, 119 U. S. 199; Boyd *v.* Clark, 8 Fed. Rep. 849; Eastwood *v.* Kennedy, 44 Md. 563; Pittsburg, etc. *v.* Hinnie, 25 Ohio St. 629. The holding by Chief Justice WARNER in the *Selma, etc. R. R. Co.* v. *Lacy*, 49 *Ga.* 107, to the effect that the Alabama statute giving a right of action for homicide, and prescribing a limit of one year for bringing the suit, would be applicable to an action brought in Georgia to enforce the statutory right, was doubtless correct, for the reason that the statute then in question (See Revised Code of Alabama of 1867, §2297) expressly limited the right to one year, the language being, "When the death of a person is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action against the latter, at any time within one year thereafter, if the former could have maintained an action

v 83-40

against the latter for the same act or omission had it failed to produce death." According to all the authorities, an action under such a statute as this could not be maintained anywhere after the bar had attached in the local jurisdiction, for the reason that after that time the right would be extinct as well as the remedy; but the act of 1885, upon which the present suit is founded, contains no such terms, and there is no more reason for holding that the general limitation law of Alabama, which we have cited above, extinguished the statutory rights of action to which it applies, than for holding that it extinguishes the common law rights of action to which it is applicable. If the lapse of one year would not bar an action for malicious prosecution, *crim. con.*, seduction, breach of marriage promise, etc., brought in Georgia but founded upon a cause arising in Alabama, the lapse of one year would not bar the present action; the period for a like action brought here for causes arising in Georgia, being two years.

The court erred in sustaining the motion and dismissing the action.            *Judgment reversed.*