MUNOS et al. v. SOUTHERN PAC. CO.

*(Circuit Court of Appeals, Fifth Circuit.)*

No. 17.

DEATH BY WRONGFUL ACT—LIMITATION—CONFLICT OF LAWS.
   In an action for wrongful death occurring in another state, the statute of limitations of the forum governs, unless the statute giving the right of action in such other state itself prescribes a limitation.

In Error to the·Circuit Court of the United States for the Western District of Texas.

Action by Refugio and Jose Munos, minors, by their next friend, Juan D. Ochoa, against the Southern Pacific Company. Judgment for defendant on demurrer to plaintiffs' petition. Plaintiffs bring error. Affirmed.

*Millard Patterson, C. N. Buckler, J. A. Buckler,* and *John Mitchell,* for plaintiffs in error.

*Henry J. Leovy* and *Joseph Paxton Blair,* for defendant in error.

Before LOCKE, District Judge, and PARDEE and McCORMICK, Circuit Judges.

PARDEE, Circuit Judge. This suit was commenced March 20, 1891, to recover damages for the death of a parent, alleged to have been caused

by defendant's negligence, in the territory of New Mexico, on February 17, 1888. The suit was instituted under article 2308 of the Compiled Laws of New Mexico of 1884, as follows:

"Whenever any person shall die from any injury resulting from, or occasioned by, the negligence, unskillfulness, or criminal intent of any officer, agent, servant, or employe, whilst running, conducting, or managing any locomotive, car, or train of cars, or of any driver of any stagecoach or other public conveyance, whilst in charge of the same as driver, and when any passenger shall die from any injury resulting from, or occasioned by, any defect or insufficiency in any railroad, or any part thereof, or in any locomotive or car, or in any stagecoach or other public conveyance, the corporation, individual, or individuals in whose employ any such officer, agent, servant, employe, engineer, or driver shall be at the time such injury was committed, or who owns any such railroad, locomotive, car, stagecoach, or other public conveyance at the time any injury is received, resulting from or occasioned by any defect or insufficiency above declared, shall forfeit and pay, for every person or passenger so dying, the sum of five thousand dollars, which may be sued for and recovered—*First,* by the husband or wife of the deceased; or, *second,* if there be no husband or wife, or if he or she fails to sue within six months after such death, then by the minor child or children of the deceased; or, *third,* if such deceased be a minor, and unmarried, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment; or, if either of them be dead, then by the survivor. In suits instituted under this section, it shall be competent for the defendant or his defense to show that the defect or insufficiency named in this section was not a negligent defect or insufficiency."

Article 2316 of said Compiled Laws and a subsequent section of the original act provided as follows:

"Every action instituted by virtue of the provisions of this act must be brought within one year after the cause of action shall have accrued, or after this act shall go into effect."

Article 2316 was expressly repealed by Sess. Laws N. M. 1887, c. 2, and chapter 2, Sess. Laws 1887, was repealed by Sess. Laws N. M. 1889. Among other exceptions filed by the defendant to the said suit was the following, numbered 5:

"Further specially excepting to the defendant's said third amended original petition, the defendant says that the same shows upon its face that the action brought was not instituted within the time required by law, and that plaintiffs are barred and precluded from recovery by conditions and limitations of law; and of this defendant prays the judgment of the court."

On the trial the court held that section 2316, c. 23, Comp. Laws N. M., was repealed (1887) by Sess. Laws N. M. 1887, c. 2, and that this repealing statute was by the legislature of New Mexico repealed by Sess. Laws 1889, c. 75, and that the effect of the enactment of 1889, which repealed the repealing statute of 1887, was to revive section 2316, c. 23, Comp. Laws N. M., and thereupon sustained said exception No. 5, and directed judgment for defendant, dismissing plaintiff's suit.

The main argument of the case in this court has been as to the correctness of that ruling, which presents the very interesting question as to whether the common law prevails in the territory of New Mexico, and, if so, how far it has been modified by the statutes of the United States.

Sections 12 and 1891, Rev. St. U. S.   The view that we take of the case does not require us to pass upon the question thus presented.   If section 2316 of the Compiled Laws of New Mexicò was revived by the repeal of the repealing act in question, then the judgment of the court below sustaining the statute of limitation for one year was correct.   On the other hand, if the said section 2316 of the Compiled Laws of New Mexico was not revived by the repeal of the repealing act, then there was no period of limitation prescribed as a part of the remedy given by section 2308 of the Compiled Laws of New Mexico, under which the present action was brought, otherwise than as provided by the general law of limitations in said territory, in which case the laws of Texas in regard to the limitation of actions would apply.   Article 3202, Rev. St. Tex., provides:

"There shall be commenced and prosecuted within one year after the cause of action shall have accrued, and not afterwards, all actions or suits in court, of the following description: * * * (4) Actions for injuries done to the person of another, where death ensued from such injuries; and the cause of action shall be considered as having accrued at the death of the party injured."

Under this statute the ruling of the court below must be affirmed, because the action was not brought within one year after it accrued. "Laws limiting the time of bringing suits constitute a part of the lex fori of every country; they are laws for administering justice, one of the most sacred of sovereign rights." Hawkins v. Barney, 5 Pet. 457; McElmoyle v. Cohen, 13 Pet. 312; Amy v. Dubuque, 98 U. S. 470. "Remedies are governed by the lex fori." Dixon v. Ramsay, 3 Cranch, 319; Bank v. Donnally, 8 Pet. 361; Wilcox v. Hunt, 13 Pet. 378; Bacon v. Howard, 20 How. 22; Pritchard v. Norton, 106 U. S. 124, 1 Sup. Ct. Rep. 102; Walsh v. Mayer, 111 U. S. 31, 4 Sup. Ct. Rep. 260; Bank v. Eldred, 130 U. S. 693–696, 9 Sup. Ct. Rep. 690.   "Where torts are committed in foreign countries, or beyond the territorial jurisdiction of the sovereignty in which the action is brought, the lex fori governs, no matter whether the right of action depends upon the common law or a local statute, unless the statute which creates or confers the right limits the duration of such right to a prescribed time.  This will appear from an examination of the following authorities:   Poll. Torts, (Textbook Series) 130; Wood, Lim. Act. p. 23, § 9; Nonce v. Railroad Co., 33 Fed. Rep. 429; The Harrisburg, 119 U. S. 199, 7 Sup. Ct. Rep. 140; Boyd v. Clark, 8 Fed. Rep. 849; Eastwood v. Kennedy, 44 Md. 563; Railroad Co. v. Hine, 25 Ohio St. 629; O'Shields v. Railway Co., 10 S. E. Rep. 268, 83 Ga. 621."

The judgment of the circuit court is affirmed, with costs.