### GREGORY et al. v. SOUTHERN PAC. CO.

(Circuit Court, D. Oregon. November 11, 1907.)

#### No. 3,111.

LIMITATION OF ACTIONS—ACTION UNDER STATUTE OF ANOTHER STATE—LIMITATION APPLICABLE.

Cal. Code Civ. Proc. § 377, gives a right of action for wrongful death without qualification or limitation as to the time within which action must be brought, which is governed by section 340, being a part of the general statute of limitations. Such limitation, therefore, pertains to the remedy and not to the right, and an action based on such statute brought in another state is governed as to limitation by the law of the forum.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 4, 7.

Bar of action as determined by limitations of state other than that in which action is brought, see note to Martin v. Wilson, 58 C. C. A. 186.]

At Law. On demurrer to complaint.

C. B. Watson and Bennett & Sinnott, for plaintiffs.
Wm. D. Fenton and R. A. Leiter, for defendant.

WOLVERTON, District Judge. F. H. Gregory was injured while in the employ of the defendant company, through its alleged negligence, from the effect of which he subsequently died. The injury was sustained in the state of California on September 24, 1905, and Gregory died the following day. This action was instituted by his widow and children, who are his heirs, on December 24, 1906, more than one year subsequent to the time when the cause of action arose.

The right to maintain the action depends upon the force and effect of the statute of California giving the right of action to the heirs for the wrongful death of a decedent, and its limitation as to the time for instituting the same. To understand the scope and purpose of the statute, it is essential to trace a little its history. In 1862 an act was adopted "requiring compensation for causing death by wrongful act, neglect, or default." St. Cal. 1862, p. 447, c. 330. This statute provided:

"Section 1. Whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect, or default, is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the

person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

Section 2 gave a right of action for death caused by falling through any opening or defective place in any sidewalk, street, alley, or wharf, where death ensued.

"Section 3. Every such action shall be brought by and in the names (of) the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin, in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action, the jury may give such damages, pecuniary and exemplary, as they shall deem fair and just, and may take into consideration the pecuniary injury resulting from such death to the wife and next of kin of such deceased person; Provided, that every such action shall be commenced within two years after the death of such person."

In 1868 the Legislature adopted an act for the "Revision and compilation of the laws of the state." St. 1867–68, p. 435, c. 365. A commission was appointed in pursuance of the act, but before it had completed its work another act was adopted, in 1870, "Establishing a commission for the revision of the laws" (St. 1869–70, p. 774, c. 516), which commission was directed, authorized, and empowered to—

"revise all the statutes of this state * * * and prepare substitutes therefor when necessary; to recommend all such enactments as shall, in the judgment of the commission, be necessary to supply the defects of and give completeness to the existing legislation of the state, and prepare and present the bills therefor."

The commission made a report in 1871, resulting in the adoption, on March 11, 1872, by the Legislative Assembly, of a Code of Civil Procedure. This Code was divided into parts, titles, and chapters. Part 1 has relation to courts of justice; part 2, to civil actions, etc. Title 1 of part 2 has relation to the form of civil actions, title 2 to the time of commencing such actions, and chapter 3 of the latter title to "the time of commencing actions other than for the recovery of real property." Under this chapter is regulated the time for commencing an action to recover damages for the death of one, caused by the wrongful act or neglect of another. Title 3 pertains to "the parties to civil actions," and under it is found the right of action given where death is caused by the wrongful act or neglect of another. The right in its present amended form is comprised by section 377, still contained under that title, and reads as follows:

"When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person is employed by another who is responsible for his conduct, then also against such other person. In every action under this and the two preceding sections, such damages may be given as under all the circumstances of the case may be just."

See Deering's Annotated Code of Civil Procedure.

Previously the time for commencing the action was limited to two years, but by an act adopted in 1905, sections 339 and 340, being com-

prised by said chapter 3, tit. 2, of the Code of Civil Procedure, were so amended as to limit the time for bringing the action to one year. Under this limitation were conjoined other actions, such as for libel, slander, and the like, whereas the action for death through the wrongful act of another had formerly stood as a single cause in its own class. It may be said that the change was brought about by simply dropping this cause of action out of section 339, prescribing the limitation of two years, and inserting it, among other causes, in section 340, prescribing a limitation of but one year. The Code of Civil Procedure of 1872 was the culmination of the work of the commission previously constituted, and its adoption was as a whole. Its arrangement and classification of subjects has never been changed, though numerous amendments have been made to particular sections, so that at the present time the law stands, as it relates to the subject under consideration, as above indicated. Such being the law, it remains to determine its effect and application where an action for the wrongful death of another has been brought in another state from that in which the cause arose.

The action given by the California statute is in effect the same as that accorded by Lord Campbell's act. It is a new action—that is, one that had not previously obtained under the common law—and not a continuation or revival of an old action, or one that subsisted prior to the death. It is founded upon the injury causing death as it affects the heirs and personal representatives, and not as it affects the decedent individually. The title of Lord Campbell's act, it is said, is "An act for compensating the families of persons killed." Blake v. Midland Ry. Co., 18 Q. B. 93, cited in Munro v. Dredging, etc., Co., 84 Cal. 515, 523, 24 Pac. 303, 18 Am. St. Rep. 248. And construing the present statute in comparison with that act, the Supreme Court of the state of California has said:

"In that (Lord Campbell's act) it was recited that no right of action existed at common law for such damages. It was then a new right of action. It could not be a continuation of the right which the injured man had for the injury, for the loss to his heirs did not accrue until he died. Under our statute the injured person might survive long enough to sue and recover damages, or to settle with the wrongdoer, and then, by his death, a new cause of action would accrue to his heirs." Burk et al. v. Arcata & M. R. R. Co., 125 Cal. 364, 57 Pac. 1065, 1066, 73 Am. St. Rep. 52.

This construction of the California statute has long been and is yet adhered to. See Hartigan v. Southern Pacific Co., 86 Cal. 142, 24 Pac. 851; Lange v. Schoettler, 115 Cal. 388, 47 Pac. 139; Webster v. Norwegian Min. Co., 137 Cal. 399, 70 Pac. 276, 92 Am. St. Rep. 181. Oregon has a similar statute, which has been construed with like effect. Perham v. Portland Electric Co., 33 Or. 451, 53 Pac. 14, 24, 40 L. R. A. 799, 72 Am. St. Rep. 730. But the statute regulating the time in which the action shall be commenced fixes the limitation at two years.

The action upon which plaintiffs' right of recovery is predicated is unquestionably transitory. That it is for a tort, or is of statutory origin, does not affect its character in that respect. It is personal, and can be invoked wherever the defendant may be found or subjected to personal process, or voluntary appearance can be had. The

action, says Mr. Justice Miller, in Dennick v. Railroad Co., 103 U. S. 11, 18, 26 L. Ed. 439—

"is in the nature of trespass to the person, always held to be transitory, and the venue immaterial. * * * We do not see how the fact that it was a statutory right can vary the principle."

The case was one where an action was instituted in the state of New York upon a cause for the wrongful death of another, which arose in the state of New Jersey, under the statute of that state giving the action. The general rule that the right of action is governed by the lex loci, and the remedy by the lex fori, is altogether applicable, as in actions ex contractu. Says the Court of Appeals for the Fifth Circuit, employing the language of the lower court:

"Where torts are committed in foreign countries, or beyond the territorial jurisdiction of the sovereignty in which the action is brought, the lex fori governs, no matter whether the right of action depends upon the common law or a local statute, unless the statute which creates or confers the right limits the duration of such right to a prescribed time." Munos v. Southern Pac. Co., 51 Fed. 188, 190, 2 C. C. A. 163.

So the Supreme Court of the United States has adopted the language of the State Supreme Court of Minnesota, as follows:

"The statute of another state has, of course, no extraterritorial force, but rights acquired under it will always, in comity, be enforced, if not against the public policy of the laws of the former. In such cases the law of the place where the right was acquired, or the liability was incurred, will govern as to the right of action; while all that pertains merely to the remedy will be controlled by the law of the state where the action is brought. And we think the principle is the same, whether the right of action be ex contractu or ex delicto." Northern Pacific Railroad v. Babcock, 154 U. S. 190, 197, 14 Sup. Ct. 978, 38 L. Ed. 958.

In that case the law of the place was applied as controlling the amount of the recovery.

The time within which an action shall be commenced in general pertains to the remedy, and the rule will be so applied, unless the limitation is made by statute a condition to the exercise of the right of action. This brings me to the real question involved in the controversy here, which is whether the statute of California, giving the right of action for damages arising from death caused by the wrongful act or neglect of another, gives that right upon condition that it shall be exercised within one year. Reduced to a rule, the doctrine was stated by Mr. Justice Brown, late of the Supreme Court, while a District Judge, as follows:

"That where a statute gives a right of action unknown to the common law, and, either in a proviso to the section conferring the right or in a separate section, limits the time within which an action shall be brought, such limitation is operative in any other jurisdiction wherein the plaintiff may sue." Boyd v. Clark (C. C.) 8 Fed. 849, 852.

The very essence of the reason of the rule is comprised in the terse utterance of Mr. Chief Justice Waite, in the case of The Harrisburg, 119 U. S. 199, 214, 7 Sup. Ct. 140, 147, 30 L. Ed. 358, wherein he says, referring to the statutes of Massachusetts and Pennsylvania:

"The statutes create a new legal liability, with the right to a suit for its enforcement, provided the suit is brought within twelve months, and not other-

wise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. * * * Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are therefore to be treated as limitations of the right."

The question thus becomes one of statutory construction and interpretation. If the intendment be that the time allotted for bringing action shall operate as a condition to the right of pressing any suit, and as a restriction upon the very liability created, then the condition does not partake of a limitation statute in its ordinary acceptation. If, however, it was the purpose of the Legislature to give the right independent of any specific limitation as to when the action should be instituted, leaving that for regulation by the general statute upon the subject of the limitation of actions, then the time within which the action is required to be brought would pertain to and be referable to the remedy, and would be governed by the law of the forum. Such, I am impressed, is the consensus of the cases bearing upon the subject. I shall refer to some of them. In Boyd v. Clark, supra, the statute giving the right of action, by a subsequent section thereof provided that "every such action shall be commenced within 12 months after the death of the deceased person." The rule as stated by Mr. Justice Brown applies to the statute. The particular action given is required to be commenced within the time indicated, which is measured from the time of the death of the person injured, so that it was considered that the limitation with relation to the time to commence was intended as a condition to giving the right of action. In Poff v. Telephone Co., 72 N. H. 164, 55 Atl. 891, the statute reads:

"Actions of tort for physical injuries to the person * * * and the causes of such actions shall survive to the extent, and subject to the limitations, set forth in the five following sections, and not otherwise."

Section 10, being one of the five, prescribes that the action—

"may be brought for such cause at any time within two years after the death of the deceased party, and not afterwards."

I now quote from the decision of the court:

"The language of the special provisions applicable leave no room to doubt that the right and the correlative liability thereby established were made conditional upon the bringing of the suit 'at any time within two years after the death of the deceased party, and not afterwards.' The cause of action is conditional. If the condition is not observed, the parties stand with respect to the wrongful act as though the statute had not been enacted. 'It must be evident that, as this action is brought under a special law and is maintainable solely by its authority, the limitation of time is so incorporated with the remedy given as to make it an integral part of it and the condition precedent to the maintenance of the action at all.' Hill v. Supervisors, 119 N. Y. 344, 347, 23 N. E. 921."

In Rodman v. Railway Co., 65 Kan. 645, 70 Pac. 642, 59 L. R. A. 704, the language of the Code, § 422, is:

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action

had he lived against the latter for an injury for the same act or omission. The action must be commenced within two years."

The limitation here is contained in the same section by which the right of action is granted. Of this statute the court says:

"As a part of the right of action itself, as a condition imposed upon and in limitation of the exercise of the right granted, it is provided that the action upon which recovery is had must be commenced within two years from the time the right of action arose."

In Pittsburg, Cincinnati & St. Louis Ry. Co. v. Minnie Hine, Administratrix, 25 Ohio St. 629, the limitation clause follows as a proviso:

"That any such action shall be commenced within two years after the death of such deceased person."

Of this statute the court says:

"In creating or giving the right by this act, it was within the power of the Legislature to impose upon it such restrictions as were thought fit; and, if restrictions were imposed, they must be referred to the newly created right itself, if the restrictive language used will warrant it; for the act being in derogation of the common law, any restrictive language used in it must be construed against the right created by it. It would be different if the act was merely remedial as to existing rights; such statutes are to be liberally construed. In this view, we regard the proviso contained in section 2 of the act of 1851, above quoted, as a restriction qualifying the right of action itself, and not merely a time limitation upon the remedy."

So it was said in Dennis v. Railroad Company, 70 S. C. 254, 259, 49 S. E. 869, 870, 106 Am. St. Rep. 746:

"The requirement as to the time of commencing the action is a part of the statute creating this right. It is incumbent on those seeking the benefit of the statute to show that their action conforms to all the requirements thereof, one of which is that the suit must be instituted within a certain time."

In International Nav. Co. v. Lindstrom, 123 Fed. 475, 60 C. C. A. 649, which is for a maritime tort, the New Jersey statute gave the right of action, provided it was brought within 12 calendar months after the death of the injured person. Of this statute the court, being the Circuit Court of Appeals in the Second Circuit, observes:

"As the statute creates a new liability with a right to its enforcement, provided an action is brought within 12 months, the time is made of the essence of the right, and a federal court sitting in New York must treat it as such, and not as an ordinary statute of limitations."

And so the court observes in Theroux v. Northern Pac. R. Co., 64 Fed. 84, 12 C. C. A. 52, after a review of the authorities:

"It must be accepted, therefore, as the established doctrine, that where a statute confers a new right, which by the terms of the act is enforceable by suit only within a given period, the period allowed for its enforcement is a constituent part of the liability intended to be created, and of the right intended to be conferred. The period prescribed for bringing suit in such cases is not like an ordinary statute of limitations, which merely affects the remedy."

Now, to apply the doctrine as thus illustrated and firmly established to the case in hand, it is clear from the statute of California, first enacted with the limitation of the time for commencement of the action subjoined as a proviso, that the limitation constituted a condi-

tion attending the bringing of the action, and was designed as a part and parcel of the liability created, and could not have been considered apart from the act giving the right of action as a limitation statute simply. But must not a different intendment be ascribed to the statute in its present form? Section 377 standing alone, as it does, gives the right of action merely, without qualification or limitation.

It is contained in title 3, while the regulation of the time for the commencement of actions in general is contained in the preceding title. Section 312 of chapter 1 under that title provides that:

"Civil actions can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, except where, in special cases, a different limitation is prescribed by statute."

Thus, it will appear that the statute of limitations is completely segregated from the statute giving the right of action. Furthermore, the limitation was formerly from the time of the death of the party injured, while now it begins to run from the time the cause of action accrued; showing that, by a rearrangement of the statutes, and their adoption in that form, a different purpose was to be subserved, and we must ascribe to such statutes, therefore, another and different intendment. That intendment, manifestly, is to place the right of action accorded by section 377 in the category of other causes, and to apply the statute of limitations to that action in manner and substance as applied to all other civil actions, treating it as a part of the remedy only, and not as a condition to the cause.

I am aware that the four Codes adopted by the Legislature in 1872 are to be construed as parts of a single statute. It is in effect so enacted. Section 4478, Deering's Political Code. And it may be conceded that all parts of all the codes were adopted concurrently as of that time. But the Legislature has not thereby evinced a different intendment from that I have attributed to it with reference to the statutes under consideration. Even the recommendations of the commission for the review of the laws were not adopted without change by the Legislature, and that body finally put the enactment into its own form, and adopted the Codes accordingly. The setting part of the limitations clause out of the old statute, the eradication of the idea of a proviso in relation to it, its arrangement under the ordinary statutes of limitations, along with the limitations as to the commencement of other actions and causes, and the subsequent treatment of the specific subject by transferring it from the limitation of two years and classifying it with the one-year limitations, is cumulatively so persuasive as to exclude the thought that it was to be still the purpose of the Legislature that the limitation should stand as a condition to exercising the right of action at all. This conclusion is fully supported by the opinion of Mr. Chief Justice Bleckley in the case of O'Shields v. Georgia Pac. Ry. Co., 83 Ga. 621, 10 S. E. 268, 6 L. R. A. 152, a case very similar in its facts to the one at bar, and accords to plaintiffs their remedy as to the time of bringing the action under the Oregon statute, with its limitation of two years. The court in the case of Negaubauer v. Great Northern Ry. Co., 92 Minn. 184, 99

N. W. 620, 104 Am. St. Rep. 674, holds apparently to a contrary view, saying:

"In principle, it can make no difference whether the limitation is in the form of a proviso to the section giving the right of action, as was the statute of Montana when the case of Theroux v. Northern Pac. R. Co., supra, was decided, or in a separate section of the same statute."

But I prefer to follow the Georgia case, as it seems to hold to the sounder doctrine. By a consideration of the statutes exhibited in the case of Carden, Administrator, v. L. & N. R. R., 101 Ky. 113, 39 S. W. 1027, it will be seen that the court has not departed from the general doctrine as herein discussed.

Entertaining these views, it follows that the demurrer should be overruled, and such will be the order of the court.