195 So. 866

**MULLINS v. ALABAMA GREAT SOUTHERN R. CO. et al.**

**7 Div. 617.**

Supreme Court of Alabama.

April 18, 1940.

Rehearing Denied May 23, 1940.

Wm. Dowdell Denson and Edw. W. Mc-Donald, both of Birmingham, for appellant.

Goodhue & Lusk, of Gadsden, for appellees.

KNIGHT, Justice.

On the trial of this cause, by reason of adverse rulings of the court on the pleadings, the plaintiff suffered two nonsuits. On motion of the plaintiff, the first order of nonsuit was set aside, and thereafter the court sustained defendants' demurrers to Counts B, C and D, but overruled the demurrer to Count Z, which was filed by leave of the court after the first nonsuit entered in the cause had been set aside, and the cause restored to the docket.

The second nonsuit was suffered after the court had sustained defendants' demurrers to Counts B, C and D, and after the court had overruled plaintiff's demurrer to defendants' plea A to Count Z, and the other counts then remaining in the cause.

Plea A set up the statute of limitations of one year, and is in the form prescribed by the Code, as a bar to actions which fall within the bar of the statute of one year.

■ On this appeal we are, of course, limited to a consideration of only such rulings of the court which culminated in, and superinduced the taking of, the nonsuit entered in the cause on April 29, 1939. Code, § 6431; Esslinger v. Spragins et al., 236 Ala. 508, 183 So. 401; Garner v. Baker, 214 Ala. 385, 108 So. 38; Russell v. Garrett, 208 Ala. 92, 93 So. 711.

■■ If it may be said that sustaining defendants' demurrers to Counts A, B, C and D was one of the court's adverse rulings which superinduced the taking of the nonsuit, it only remains to be said of these counts that they were, each, insufficient, and subject to one or more grounds of defendants' demurrer.

These counts set up, and pleaded, the Georgia civil homicide statute. Code Ga. 1933, § 105-1301 et seq. Unlike our homicide statute, Code, § 5696, the personal representative can only maintain a suit under the Georgia statute when there is no widow, or child, in cases of husband or parent; and in cases of homicide of the wife or mother, the personal representative can

only sue when there is no surviving husband or child.

Section 105-1309 of the Georgia Code of 1933 provides: "Recovery by administrator of decedent.—In cases where there is no person entitled to sue under the foregoing provisions of this Chapter, the administrator or executor of the decedent may sue for and recover and hold the amount recovered for the benefit of the next of kin, if dependent upon the decedent, or to whose support the decedent contributed. In any such case the amount of the recovery shall be determined by the extent of the dependency or the pecuniary loss sustained by the next of kin."

The counts under consideration, A, B, C and D, wholly fail to show that there was not at the time the suit was brought a person in life with a prior right to maintain the suit. For aught appearing to the contrary, there was a widow or surviving child of the decedent, and, if so, the personal representative was without right to maintain this suit. On demurrer, pleading must be construed most strongly against the pleader. The defendants' demurrer aptly pointed out this defect in the said counts. The court, therefore, committed no error in sustaining defendants' demurrer to each of said counts.

■ So, then, the question really before us for determination, is whether the cause of action presented by Count Z is barred by the statute of limitations of one year as set up in plea A.

It will be observed that Count Z is entirely omissive in averment as to when an action under the Georgia homicide act is barred.

The action, as finally narrowed by the elimination of the Southern Railroad Company as one of the defendants, is brought by the administrator of the estate of George Mullins, deceased, against the defendant, Alabama Great Southern Railroad Company, for the wrongful death of plaintiff's intestate in the State of Georgia. The suit is prosecuted in Alabama, where the defendant resides, and the cause of action, as presented in Count Z of the complaint, is based on the Georgia homicide act. This statute, as pleaded in Count Z appears in the report of the case.

Section 5681 of the Code of Alabama provides: "Whenever, either by common law or the statutes of another state, a cause of action, either upon contract, or in tort, has arisen in such other state against any person or corporation, such cause of action shall be enforcible in the courts of this state, in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the cause of action had arisen in this state."

A reading of the Georgia act discloses that nothing is contained therein fixing a period of time within which actions thereunder must be brought. It is there governed by the general limitation law.

The Alabama homicide act provides that actions brought by the administrator thereunder for the wrongful death of his intestate, or by the executor, "must be brought within two years from and after the death of the testator or intestate." Code, § 5696.

Section 8948 of the Code of Alabama provides: "Limitation of two years.—Action by representative to recover damages for wrongful act, omission, or negligence, causing the death of the decedent, under sections 5695 and 5696 (2485 and 2486)."

The action in this case, confessedly, was not brought under either Section 5695, or Section 5696 of the Code of Alabama, and, hence, the provisions of these sections are not applicable to the present suit, whether there is, or is not, assimilability between the Georgia and the Alabama homicide statutes. The Alabama limitation statute excludes by its express terms its application to suits for any cause of action under a homicide statute of any other state.

The appellant's contention is that the statute of limitations of one year does not apply, but that the statute of two years, as provided for similar actions under the Alabama statute, applies. The decision of the Supreme Court of Georgia holding that the action is not barred in less than two years from the death of the decedent is not pleaded (Glover v. Savannah, F. & W. Ry. Co., 107 Ga. 34, 32 S.E. 876), and hence, if such holding would apply here, we cannot take notice of the same.

■ Where the statute of limitations goes only to the remedy, it seems to be the settled rule here that the lex fori, and not the lex loci, governs. Larue v. C. G. Kershaw Contracting Co., 177 Ala. 441, 59 So. 155; Jones v. Jones, 18 Ala. 248; Galliher v. State Mutual Life Ins. Co., 150 Ala. 543, 43 So. 833, 124 Am.St.Rep. 83.

■ In the case of O'Shields v. Georgia Pac. Ry. Co., 83 Ga. 621, 10 S.E. 268, 269,

6 L.R.A. 152, an employee sued the railroad company for an injury occurring in Alabama. The Georgia Supreme Court, after pointing out that neither the code nor the act under which the action was brought prescribed any limitation as to the time within which the action based upon the statutory right should be brought, observed: "Where torts are committed in foreign countries, or beyond the territorial jurisdiction of the sovereignty in which the action is brought, the lex fori governs, no matter whether the right of action depends upon the common law or a local statute, unless the statute which creates or confers the right limits the duration of such right to a prescribed time. * * * Poll. Torts, 138 (Text-Book Series); Wood, Lim. p. 23, § 9; Nonce v. Richmond & D. R. R. Co. [C.C.] 33 F. 429; The Harrisburg, 119 U.S. 199, 7 S.Ct. 140 [30 L.Ed. 358]; Boyd v. Clark [C.C.] 8 F. 849; Eastwood v. Kennedy, 44 Md. 563; Pittsburg, etc. v. Hine, 25 Ohio St. 629. The holding by Chief Justice Warner in the Selma, etc., R. R. Co. v. Lacey, 49 Ga. [106], 107, to the effect that the Alabama statute giving a right of action for homicide and prescribing a limit of one year for bringing the suit, would be applicable to an action brought in Georgia to enforce the statutory right, was doubtless correct, for the reason that the statute then in question (see Rev. Code Ala. 1867, § 2297) expressly limited the right to one year, * * *."

As heretofore pointed out the Georgia statute prescribed no duration of time within which the action should be brought, and the decisions of the Supreme Court of Georgia holding that such actions are not barred in a less period than two years not being pleaded; and the limitation of two years fixed by our statute being expressly confined to actions brought under Sections 5695 and 5696, we must perforce resort to our general limitation law to determine when such an action as is here presented is barred.

Subsection 5 of Section 8949 of the Code provides: "Actions for any injury to the person or rights of another, not arising from contract, and not herein specifically enumerated" must be commenced within one year after the cause of action accrued, and not afterwards.

We are, therefore, at the conclusion that the pleas of the statute of limitations of one year presented a good defense to the action, and the court committed no error in overruling plaintiff's demurrer thereto.

It follows, that the judgment of the circuit court is due to be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

On Rehearing.

PER CURIAM.

Application for rehearing overruled.

GARDNER, C. J., and THOMAS, BROWN, and KNIGHT, JJ., concur.