## UNITED SHOE MACHINERY CO. v. GREENMAN.

(Circuit Court, D. Massachusetts. April 13, 1906.)

No. 141.

1. PATENTS—ANTICIPATION—ABANDONMENT OF MACHINE.

A machine fully embodying a device subsequently patented by another does not lose its effect as an anticipation because its use was abandoned solely for the reason that the product in making which it was employed was not successful where it is shown that the machine worked successfully and the maker did not abandon the invention embodied therein.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 73.]

2. SAME.

Notwithstanding that A., having embodied his invention in a machine whose use was soon abandoned, later failed to describe it in the patent granted him, so that the latter was inoperative, yet the attempt to obtain the patent is evidence that A.'s invention was not an abandoned experiment.

3. SAME—CLUTCH.

The Davey & Ladd patent, No. 672,056, for a clutch, is void for anticipation.

In Equity.

William K. Richardson and J. Lewis Stackpole, for complainant.
L. Hart Anderson, for defendant.

LOWELL, Circuit Judge. This was a bill in equity to restrain the infringement of letters patent No. 672,056, issued to Davey and Ladd, for an improvement in clutches. The following claims are in suit:

"(2) The combination of the driving clutch member of the machine provided with a friction surface; with the main shaft, and a driven clutch member connected to rotate therewith but capable of independent longitudinal movement thereon and provided with friction-surfaces at its opposite ends; and a stationary friction-surface or brake, and means for impelling said driven clutch member into engagement with the friction-surface of the driving member, and connecting mechanism between the main driven shaft and driven clutch member for moving said driven clutch member out of engagement with the driving member and into engagement with the brake, substantially as described."

"(6) The combination of the main shaft to be driven, with a clutch governing the operation of said shaft, comprising a driven clutch member connected with said shaft and provided with friction-surfaces at its opposite ends; a stationary friction-surface constituting a brake adjacent to one of the friction-surfaces of said driven clutch member; and a driving clutch member having a friction-surface adjacent to the other of the friction-surfaces of the said driven clutch member; and means actuated by the main shaft for automatically disengaging the said driven clutch member from the driving clutch member and engaging it with the brake at a predetermined point in the rotation of said main shaft whereby said main shaft is stopped in a predetermined angular position, substantially as described."

The purpose of the invention is thus described in the specifications:

"This invention relates to a clutch and is shown as embodied in a clutch adapted to be used on sewing-machines, nailing-machines, and in machines in which it is desirable to stop the machine at a definite point in its cycle of movements—as, for example, in the case of the sewing-machine when the needle is at its highest position, or in the case of a nailing-machine, after the nail is driven and when the parts are in the position to receive the material or at a position to receive the nail to be driven at the next operation of the machine. The said clutch comprises a friction member connected with the driving-shaft to rotate in unison therewith, but having independent longitudinal movement thereon. Said friction member has friction-surfaces at opposite sides, one adapted to co-operate with a socket in the main frame to act as a brake to stop its rotation and the other adapted to co-operate with a corresponding surface or socket in the driving-pulley. The main shaft, that is driven by the clutch when its movable friction member is engaged · with the driving-pulley and disengaged from the brake, is provided with a cam co-operating with shifting mechanism by which said friction member of the clutch is shifted from engagement with the driving-pulley to engagement with the stationary brake at a definite point in the rotary movement of the main shaft, thus causing said main shaft to be stopped at a definite point in its movement, its arrest, however, being the result of frictional action rather than impact, and thus taking place without severe shock to the working parts of the machine."

The defendant denied the validity of the patent and the infringement.

On the issue of anticipation, the evidence shows an unusual state of affairs. The patent was applied for in 1897. In 1893 one Stiles built a machine, which is in evidence, and which is admitted to em-

body fully the patented device. Stiles built this machine for a machine shop, the Thomson Manufacturing Company. It was intended for use in setting a bifurcated stud. When the machine was finished it was operated, and set the stud successfully, but the bifurcated stud did not hold well in the fabric. The attempt to introduce this stud into use was therefore abandoned, and the machine was stored away in the pattern-room of the company, where it remained unused until introduced in evidence in this suit. The working drawings from which it was constructed are also in evidence. Stiles died in 1895. In 1894 he applied for a patent, intending to patent the invention embodied in his machine. In 1896 a patent was issued, No. 565,811. A comparison of some of the drawings of the Stiles patent with the Stiles machine, and with its working drawings, suggests irresistibly that the former were based upon one or both of the latter. In the drawings of the patent, which, in this respect, are like the working drawings of the Stiles machine, the brake of the machine is lettered "K," which letter in the specifications is said to designate a "friction clutch." Neither the specifications nor the claims refer to a brake. The defendant contends that the designation is a manifest error, and that the Stiles patent therefore discloses the invention of the patent in suit. The complainant contends that the patent discloses only that which it expresses, and not something which the patentee omitted by mistake. If the mistake were obvious upon inspection, the defendant might well be right; but the error in the patent is not merely in the lettering, but chiefly in the failure of the scrivener to understand the machine he was describing. Evidently he was not informed of the brake, perhaps through the omission of the patentee himself. The complainant has constructed a machine which resembles the drawings of the Stiles patent, and in which the member K is a clutch. To accomplish this result, the construction has necessarily been extraordinary, and it contains some elements which are mechanically superfluous and are not mentioned in the Stiles patent; but the complainant's evidence is to the effect that the machine thus constructed to illustrate the drawings of the patent does not contradict them, and is operative. It is doubtful, at least, if the Stiles patent, without reference to the machine in evidence, discloses a brake. Either "K" is a clutch, or the patent is unintelligible. As will hereafter appear, however, the issue thus stated need not be decided.

The defendant urges that, even if the brake be absent from the Stiles patent, yet there is no invention in adding a brake to the device there described, inasmuch as a brake is shown in other patents. There is force in the contention, but a strong and quickly-acting brake is absolutely necessary to accomplish the purpose of the patent, and the addition of a brake, as shown in the patent, may well involve invention.

The defendant further contends that the Stiles machine itself, even though it was never patented, anticipates the patent in suit. The complainant contends that the machine was an abandoned experiment.

The machine in question was used to set studs, and used successfully. Its use was abandoned because the studs set were unsatisfactory, a matter which had nothing to do with the machine in question, and was

especially unconnected with that part of the machine which embodies the claims in suit. Moreover, while ceasing to use the machine, Stiles did not abandon the idea which it embodied, but sought to patent his invention. Through his carelessness or another's, he may have failed in his attempt and his patent may be worthless as an anticipation; but it is conclusive proof that he had a positive intention not to abandon the invention, and there is no rule laid down in the decided cases which compels me to disregard this manifest intention. Brush v. Condit, 132 U. S. 39, 10 Sup. Ct. 1, 33 L. Ed. 251; Dalby v. Lynes (C. C.) 64 Fed. 376; Coffin v. Ogden, 18 Wall. 120, 21 L. Ed. 821; Bromley Bros. Carpet Co. v. Stewart (C .C .) 51 Fed. 189. I find, therefore, that the patent is anticipated by the Stiles machine, and the bill will be dismissed with costs.

Bill to be dismissed, with costs.