460 So.2d 151 (1984)
Chester S. NORRIS, Jr.
v.
Jerry TAYLOR and Kenneth Hays.
83-749.
Supreme Court of Alabama.
September 21, 1984.
Rehearing Denied November 21, 1984.
*152 Robert J. Hayes of Tipler, Johnson, Roden, Hayes & Cory, Birmingham, for appellant.
Lyman H. Harris and Lynette E. Lamb of Harris & Evans, Birmingham, for appellees.
SHORES, Justice.
This is an appeal filed by plaintiff, Chester S. Norris, Jr., from a summary judgment in a personal injury action in favor of co-employee defendants Jerry Taylor and Kenneth Hays. We affirm.
The sole issue in this case is whether Alabama or Kentucky substantive law governs, under Alabama choice of law principles, where the alleged act or omission complained of occurred in Alabama, and the injury arising therefrom occurred in Kentucky. We conclude that Kentucky substantive law governs.
The facts are not in dispute.
At the time of his injury, Norris, an Alabama resident, was employed by Quality Painting and Decorating, Inc., an Alabama corporation with its principal place of business in Jasper. Quality does business in Alabama, but performs a substantial amount of work at job sites outside this state. Norris was injured while working for Quality at a job site in Kentucky when the ladder upon which he was standing collapsed. The ladder and various other supplies for the Kentucky job were ordered by Quality and delivered to it within the State of Alabama.
Norris filed suit in the Circuit Court of Jefferson County, Alabama, on July 10, 1982, against the manufacturer of the ladder, the distributor of the ladder, and against two of his co-employees, Taylor and Hays. The count against Taylor and Hays alleged that they were responsible for supervising employees for Quality and enforcing safety standards, and that they negligently or wantonly selected an unsafe ladder for the Kentucky job.
Taylor and Hays filed an answer which contained the defense that Kentucky law applies to the action against them and that Kentucky law forbids co-employee suits.[1] They then filed a motion for summary judgment, which was granted by the trial court and entered as a final judgment pursuant to Rule 54(b), A.R.Civ.P.
It is well settled that the traditional conflict rule of lex loci delicti applies to tort actions brought in this jurisdiction. Bodnar v. Piper Aircraft Corp., 392 So.2d 1161 (Ala.1981). Under this principle, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred. Mullins v. Alabama Great Southern R.R. Co., 239 Ala. 608, 195 So. 866 (1940); Dawson v. Dawson, 224 Ala. 13, 138 So. 414 (1931); Alabama Great Southern R.R. Co. v. Carroll, 97 Ala. 126, 11 So. 803 (1892).
Norris does not deny that he sustained his injuries in the State of Kentucky. He argues instead that the wrongful act complained ofthe negligent or wanton conductoccurred in Alabama, and hence Alabama is the proper situs of the tort for purposes of the lex loci delicti rule. We do not agree.
Alabama Great Southern Railroad Co. v. Carroll, supra, is dispositive of the issue before us. There, a brakeman for the defendant railroad was injured when a link connecting two freight cars broke, causing the cars to uncouple. The accident occurred *153 in Mississippi, yet evidence indicated that the link was defective when the train left Birmingham, Alabama, and that employees of the defendant failed to discover the defect. The Court held that where an injury occurs in a jurisdiction other than where the wrongful act or omission took place, the law of the jurisdiction where the injury was sustained controls. This represents the majority view of jurisdictions that apply the lex loci delicti doctrine. See Annot., 53 A.L.R.2d 1273, § 3 (1961).
It is undisputed that Norris received his injuries in Kentucky, where co-employee suits are barred. We conclude, therefore, that the trial court correctly granted summary judgment in favor of defendants Taylor and Hays.
AFFIRMED.
TORBERT, C.J., and MADDOX and BEATTY, JJ., concur.
JONES, J., concurs in the result.
JONES, Justice (concurring in the result).
I concur in the result. I agree that the opinion of the Court sets out and applies the general conflict of laws rule of this State: The applicable law is the law of the state where the injury occurred. We have not adopted the "significant interests" rule; nor do I contend for the adoption of this minority view. See Harris Corp. v. Comair, Inc., 712 F.2d 1069 (6th Cir.1983), and Employers Liability Corp. v. Webb, 283 Ky. 115, 140 S.W.2d 825 (1940).
In concluding that the injured employee is barred, under Kentucky law, from proceeding in his third-party claim against coemployees, I would address his argument that Alabama's workmen's compensation law, and not Kentucky's workmen's compensation law, should govern. I would agree with this conclusion, if his argument were based on the factual premise that the injured employee had elected to pursue his remedy under the Alabama Workmen's Compensation Act (§ 25-5-35) as opposed to the Kentucky Workmen's Compensation Act. An exception to the general conflict of laws rules is applicable in a workmen's compensation context, but only if the injured employee invokes that exception by his election to accept his benefits under the workmen's compensation act of his state of employment and not of the state where his injury occurred.[1] See Elston v. Industrial Lift Truck Co., 420 Pa. 97, 216 A.2d 318 (1966). If the instant employee elects to accept payments pursuant to Kentucky's Workmen's Compensation Act, he takes the entire Act, its limitations and restrictions, as well as its benefits. Lewis v. American Family Insurance Group, 555 S.W.2d 579 (Ky.1977).
My diligent search of the record fails to disclose any allegations or proof that the employee pursued, or is pursuing, his workmen's compensation claim under the Alabama Act. Absent the employee's compliance with this affirmative burden, the trial court did not err in applying the immunity provisions of Kentucky's Workmen's Compensation Act. See, also, Code 1975, § 25-5-35(f).
NOTES
[1] Ky.Rev.Stat.Ann. § 342.690 (1980), which provides for co-employee immunity, reads in part as follows:

"The exemption from liability given an employer by this section shall also extend to such employer's carrier and to all employes, officers or directors of such employer or carrier, provided the exemption from liability given an employe, officer or director or an employer or carrier shall not apply in any case where the injury or death is proximately caused by the willful and unprovoked physical aggression of such employe, officer or director." (Emphasis added.)
[1] It should be noted that this exception, if invoked, is not all inclusive. The tort law of Kentucky would still govern the third-party action.