Douglas Allen MILLER *v.* ENSCO, INC.

85-39                                            692 S.W.2d 615

Supreme Court of Arkansas
Opinion delivered July 15, 1985

*Crumpler, O'Conner & Wynne*, for appellant.

*Compton, Prewett, Thomas & Hickey, P.A.*, for appellee.

STEELE HAYS, Justice. Appellant, Douglas Miller, was employed in the material handling division of appellee Ensco's hazardous waste disposal facility during 1983. Appellant filed a complaint against appellee alleging injuries resulting from working conditions at the facility. He alleged deliberate acts of commission or omission by the employer, claiming an actual, specific and deliberate intent to injure him because of appellee's failure to provide a safe place to work and protection from direct exposure to polychlorinated biphenyls (PCB's). Appellant alleged a failure to provide information and equipment to protect against PCB's, as well as violations of safety regulations and a collective bargaining agreement. Appellee moved to dismiss under ARCP 12(b)(6) for failure to state a claim upon which relief could be granted because the action in tort was barred by the exclusivity of the Arkansas Workers' Compensation Act. The motion was granted and the complaint was dismissed with prejudice.

On appeal appellant argues his injuries were the result of an intentional tort and, therefore, are excluded from the Workers' Compensation Act.

Ark. Stat. Ann. § 81-1304 (Repl. 1976) makes rights and remedies under the Workers' Compensation Act, Ark. Stat. Ann, § 81-1301 et seq., exclusive of all other remedies of the employee for injury or death arising out of and in the course of employment. We have held, however, that this section does not apply to an injury to an employee caused by a deliberate assault

by the employer. See *Heskett* v. *Fisher Laundry and Cleaners, Inc.*, 217 Ark. 350, 230 S.W.2d 23 (1950). Appellant asks us in effect to hold that the facts of the appellee constitute the type of activity found in *Heskett*, which would fall outside the exclusivity provision.

We think this case is controlled by *Griffin* v. *George's Inc.*, 267 Ark. 91, 589 S.W.2d 24 (1979), where the same argument was made. The employer was engaged in the feed and grain industry and the appellant employee was seriously injured by a grain auger. The auger was unguarded and was operated in such a manner as to constitute an extreme hazard to persons working near it. This condition could have been easily corrected, but was permitted to exist in direct violation of federal and state statutes and regulations. Although the employer was aware of the hazard and recognized the likelihood of injuries to its employees it willfully and wantonly disregarded the danger and gave appellant a dangerous work assignment which placed him in direct exposure to the auger. Griffin was ordered to perform his duties without instructions regarding the dangerous condition.

Griffin contended his complaint alleged an intentional tort and that he was not precluded from bringing a common law tort action against his employer. The trial court dismissed the complaint and we affirmed. We observed that intentional torts involve consequences which the actor believes are substantially certain to follow his actions. Prosser, Tort, (4th ed.) § 8. We distinguished *Griffin* v. *George's Inc., supra*, where the conduct was merely gross negligence, or at most willful and wanton misconduct, from *Heskett* v. *Fisher Laundry and Cleaners, Inc., supra*, where the conduct was a deliberate and intentional assault by the employer, and not an accident so as to come within the provisions of the act. Our decision in *Heskett* was based on the premise that an employer severs the employer-employee relationship by committing an assault upon the employee, which frees the employee to bring a common law action for damages. We concluded that the complaint must be based upon allegations of an intentional or deliberate act by the employer *with a desire to bring about the consequences of the act. Finch* v. *Swingley*, 42 A.D.2d 1035, 348 N.Y.S.2d 266 (1973).

The complaint in the present case consists of allegations very

similar to those in *Griffin*, i.e. the employer deliberately failed to provide a safe work place and deliberately failed to warn appellant of all the attendant dangers of the work place. Those allegations, and all reasonable inference to be drawn from them, do not assert an intentional tort that would allow an action outside the workers' compensation act. Based on the holding in *Griffin*, we believe the complaint does not allege facts that show the employer committed acts with an "actual, specific and deliberate intent . . . to injure the employee," in the nature of an intentional act by an employer who assaults his employee as in *Heskett*. There were no facts alleged to show the appellee had a *"desire"* to bring about the consequences of the acts or that the acts were premeditated with the specific intent to injure the appellant.

◼ In *Griffin* we quoted from Larson's Workmen's Compensation Law, Vol. 2A, p. 13-18, § 68.13, which is equally applicable here:

Even if the alleged conduct goes beyond aggravated negligence and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, willfully failing to furnish a safe place to work, or even willfully and unlawfully violating a safety statute, this still falls short of the kind of actual intention to injury that robs the injury of accidental character.

◼◼ Although appellant has framed his complaint in terms of an "actual, specific, and deliberate intent," that is not controlling. Rather it is the nature of the acts complained of that determines the cause of action. Here, the appellee's failure to warn of dangers or failure to provide safe conditions, deliberately placing defendant in a dangerous position and willfully violating governmental regulations, does not bring the cause of action within the ambit of an intentional tort. That type of activity by an employer, even where flagrant, does not constitute an intentional tort for purposes of the exclusivity provision of the workers' compensation act. *Griffin, supra.*

In Section 5 of appellant's complaint, fraud is alleged. Here, too, we must look at the conduct complained of and not necessarily at the language the pleader uses to describe it. The complaint reads:

That in addition to the above allegations defendant fraudulently concealed from the plaintiff the nature and extent to which he was being exposed to PCB's and other hazardous waste so that plaintiff would continue working for defendant.

But taking the allegation of fraud as true, it is not enough to remove it from the rule in *Griffin*. Failure to warn the employee of dangerous conditions, or even concealing those conditions, does not create an intent to specifically injure the employee or a desire to bring about the consequences of the act.

■ Appellant proposes that we adopt the dual injury doctrine of *Johns-Mansville .Product Corp.* v. *Contra Costa Superior Court*, 612 P.2d 948 (Cal. S.Ct. 1980) and *Blankenship* v. *Cincinnati Milacron Chemicals, Inc.*, 433 N.E.2d 572 (Ohio S.Ct. 1982). In the *Johns-Manville* case, a divided court upheld the trial court's refusal to grant the employer's motion for judgment on the pleadings in an action by an asbestos worker alleging the employer had fraudulently concealed from him and from doctors retained by the employer that he was suffering from a disease caused by asbestos, thereby preventing him from receiving treatment, and inducing him to continue working under hazardous conditions. The employer had known since 1924 that exposure to asbestos was hazardous, and the employee had worked at one of its asbestos plants for twenty-nine years beginning in 1946. He died while his suit was pending. The reasoning of the decision is that once a basic compensable injury or disease has occurred, if the employer fraudulently deceives the employee as to the existence of this condition, a separate action in deceit may lie, unaffected by the exclusive remedy provision of workers' compensation.

We decline to apply that principle here. There is no assertion that appellant's illness or disease was concealed from him so that a "second injury" can be theorized. He does allege a physician employed by the appellee was directed not to give blood tests to determine the level of PCB's. While we do not discount the seriousness of that allegation, we do not consider it to be the equivalent of the egregious conduct charged to the employer in the *Johns-Manville* case.

The *Blankenship* case, mentioned above, need not be dis-

cussed. It is described by Professor Larson as "markedly out of line," Larson, The Law of Workmen's Compensation, Vol. 2A, § 68.32(a), Chap. XIII, Note 43.9, at p. 13-46.

To apply the dual injury concept to the facts alleged in this case would appreciably blur, if not seriously undermine, the distinction between common law liability generally and the exclusive remedy provision of workers' compensation. Any significant alteration of that distinction should not be lightly undertaken by the judicial branch. For cases consonant with this decision, see *Simmons First National Bank* v. *Thompson*, 285 Ark. 275, 286 S.W.2d 415 (1985), *Sontag* v. *Orbit Valve Co., Inc.*, 283 Ark. 191, 672 S.W.2d 50 (1984); *Plifer* v. *Union Carbide Corp.*, 492 F. Supp. 483 (E.D. Ark. 1980); *Van* v. *Dow Chemical Company*, 561 F. Supp. 141 (W.D. Ark. 1983).

Affirmed.

SMITH, GEORGE ROSE, J., and DUDLEY, ROBERT, J., not participating.