495 So.2d 569 (1986)
Billy L. POWELL, et al.
v.
Ronald T. SAPPINGTON, et al.
84-1230.
Supreme Court of Alabama.
August 29, 1986.
James P. Rea and S. Shay Samples of Hogan, Smith, Alspaugh, Samples & Pratt, Birmingham, for appellants.
Charles E. Sharp and Marcia E. Wright of Sadler, Sullivan, Sharp & Stutts, Birmingham, for appellees.
HOUSTON, Justice.
This case calls for the application of choice of law principles in a workmen's compensation context. The parties ask this Court to answer the following question: Does the filing of a claim and receipt of benefits pursuant to the Alabama Workmen's Compensation Act by one who has been injured in another state give rise to an exception to the Alabama conflicts rule of lex loci delicti for purposes of that person's co-employee suit; i.e., will Alabama law control disposition of the suit rather than the law of the state of injury?
The undisputed facts of this case are as follows:
Plaintiff Billy Powell, a resident of Alabama, was employed as a truck driver by Barber Pure Milk Company, an Alabama corporation. While en route back to Alabama from a pick-up of milk in Georgia, Powell wrecked his truck in Monroe, Georgia, and was injured. As a result, Powell filed for and received disability benefits pursuant to the Alabama Workmen's Compensation Act. Code 1975, § 25-5-1, et seq.
Powell then brought an action in Alabama against two of his co-employees, Ronald Sappington and Coster Smith, for their alleged negligence in failing to inspect, repair, service, and maintain his truck. Powell's wife Carolyn joined in that suit as co-plaintiff, alleging loss of her husband's services.
Sappington and Smith moved for summary judgment on the grounds that Georgia law applies to the action against them and that Georgia law forbids co-employee suits. The trial court granted the motion and entered a final judgment pursuant to Rule 54(b), Ala.R.Civ.P.
The Powells appeal, arguing that because Powell elected to pursue his remedy under the Alabama Workmen's Compensation Act rather than under the Georgia Workmen's Compensation Act, Alabama law rather than Georgia law applies to their action against Sappington and Smith. Because Alabama law permits co-employee suits, they argue that summary judgment was improperly entered. We do not agree.
This Court reaffirmed in Norris v. Taylor, 460 So.2d 151 (Ala.1984), that the conflicts rule of lex loci delicti applies to tort *570 actions brought in this state. As the Court stated in that decision, "[u]nder [lex loci delicti], an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred." 460 So.2d at 152. Application of this rule in the instant case would require us to follow the law of Georgia, the state where Powell's injury occurred. In doing so, we would be constrained to affirm the trial court's entry of summary judgment, since Georgia law forbids co-employee suits where workmen's compensation is available.[1]
In essence, the Powells argue that an exception to the lex loci delicti rule is applicable in a workmen's compensation context where an injured employee invokes that exception by electing to accept benefits under the workmen's compensation act of his state of employment and not of the state where the injury occurred. Recognition of such an exception, however, would create a broad avenue for abuse. As another court has stated, "[adoption of this exception would allow] a claimant with a choice of jurisdictions in a compensation claim ... to juggle with the substantive law uniformly applied ... and thus defeat its application." Wardell v. Richmond Screw Anchor Co., 133 Ga.App. 378, 382, 210 S.E.2d 854, 857 (1974). We therefore hold that a claimant who is injured in another state cannot evade the application of the lex loci delicti rule merely by filing his workmen's compensation claim in Alabama.
Although we reject the exception claimed by the Powells, our inquiry is not yet at an end. It is eligibility for benefits under the workmen's compensation act of the state of the employee's injury, not whether a claim for benefits was made or received in Alabama, which determines whether a bar to a common law action exists. Wilson v. Fraser, 353 F.Supp. 1 (D.Md.1973); Security Insurance Group v. Plank, 133 Ga.App. 815, 212 S.E.2d 471 (1975). It becomes necessary, therefore, to determine whether Billy Powell was eligible for compensation under the Georgia Act. If not, he may be able to pursue his co-employee suit under principles of Georgia law. If so, however, he will be subject to its bar against co-employee suits.
Georgia Code 1981, § 34-9-1, defines "employee" for purposes of workmen's compensation as "every person in the service of another under any contract of hire or apprenticeship...." It does not by its terms exclude coverage for nonresident employees of nonresident employers. Moreover, the Georgia Court of Appeals in Security Insurance Group v. Plank, supra, held that, under Georgia law, jurisdiction in a workmen's compensation case attaches when an employee suffers an accidental injury in Georgia, regardless of the employee's residence or where he contracted for employment. Thus, nothing in the law of Georgia would have prevented Billy Powell from receiving workmen's compensation benefits under the Georgia Act. That being so, the Powells' suit against Sappington and Smith is prohibited by Georgia law; thus, the trial court's entry of summary judgment in favor of Sappington and Smith was proper.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES, BEATTY and STEAGALL, JJ., concur.
JONES, ALMON and ADAMS, JJ., dissent.
JONES, Justice (dissenting).
I respectfully dissent.
*571 Employed in Alabama and injured in Georgia, Powell could have filed for workmen's compensation benefits under either the law of Alabama (the site of his employment), or the law of Georgia (the site where the injury occurred). See, Code 1975, § 25-5-35. See, also, Restatement (Second) Conflict of Laws § 181 (1969). Because he elected to pursue his remedy under the Alabama Workmen's Compensation Act, Powell invoked that Act in its entirety. Therefore, Powell's right to a cause of action for personal injury against his co-employees is also derived from the Alabama statute:
"Where the injury or death for which compensation is payable under this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not such party is subject to the provisions of this chapter, the employee, or his dependents in case of his death, may proceed against the employer to recover compensation under this chapter or may agree with the employer upon the compensation payable under this chapter, and, at the same time, may bring an action against such other party to recover damages for such injury or death, and the amount of such damages shall be ascertained and determined without regard to this chapter." Code 1975, § 25-5-11. (Emphasis supplied.)
The majority cites our recent reaffirmance of the conflict of laws rule of lex loci delicti as applied to tort actions in Alabama (see Norris v. Taylor, 460 So.2d 151 (Ala.1984)) as support for its holding that Georgia law governs Powell's right to sue his co-employees. I have no problem with this general rule, in a non-workmen-compensation context, requiring that an injured party's substantive rights be determined by the law of the state where the injury occurred, even where, as here, the alleged negligence occurred in Alabama. Indeed, this rule was correctly applied in Norris, because in that case "the record fail[ed] to disclose any allegations or proof that the employee [had] pursued, or [was] pursuing, his workmen's compensation claims under the Alabama Act." See Norris, 460 So.2d at 153 (Jones, J., concurring in the result). There is, however, a critical distinction between the facts in Norris and the facts of the instant case which, I believe, requires us to apply here the workmen's compensation exception to the general conflict of laws rule.
By electing to file for and accept benefits under the workmen's compensation law of his state of employment (here, Alabama), and not under the workmen's compensation law of the state in which he was injured, Powell necessarily subjected himself to Alabama's entire workmen's compensation statute. He took its limitations and restrictions, as well as its benefits. Western Union Telegraph Co. v. George, 239 Ala. 80, 194 So. 183 (1940). In Norris, there was no affirmative showing that the injured employee claimed workmen's compensation benefits in Alabama (the state of his employment) rather than in Kentucky (the state where the injury occurred). Powell, however, did file for and did receive workmen's compensation benefits in Alabama the state of his employment; therefore, he is entitled to the substantive right of a cause of action for personal injury against his co-employees. § 25-5-11. See, also, Elston v. Industrial Lift Truck Co., 420 Pa. 97, 216 A.2d 318 (1966). (The accident in question occurred before the effective date of the 1984 amendment restricting third-party claims against co-employees. See Act No. 85-41, § 3, Second Special Session, 1984-85 Ala. Acts.)
From the very inception of this State's Workmen's Compensation Act in 1919, an injured employee's right to recover from a third party has been regulated by the Act. Originally, a "third party" did not include any employer covered by the Act. Harris v. Louisville & N.R. Co., 237 Ala. 366, 186 So. 771 (1939). The 1939 amendment redefined "third party" to include "any party other than the employer, whether or not such party is subject to the provisions of this chapter." Act 661, § 8, Ala. Acts 1939; now codified at § 25-5-11(a), 1975 Code. The 1984 amendment (effective Feb. 1, 1985) further restricts third-party claims against co-employees, allowing recovery *572 for willful injury only. In other words, the public policy of the Workmen's Compensation Act, which subjects employers and employees to its provisions, also controls the right of injured employees to bring third-party claims. Here, having elected coverage under Alabama's Act, Powell is entitled to all its provisions, including the third-party provisions of § 25-5-11. The "forum shopping" evil described in the majority opinion is hardly justified in light of the public policy expressed in § 25-5-35 that gives an injured employee the right to proceed under Alabama's Workmen's Compensation Act even if he first recovers under the workmen's compensation act of another state. Sager v. Royce Kershaw Co., 359 So.2d 398 (Ala.Civ.App.1978).
In my opinion, the majority has misapplied the traditional conflict of laws rule to the facts of this case. The traditional lex loci delicti rule still has full application to the trial of the third party common law action. It is the Georgia law, not the Alabama law, that governs the trial of this case in Alabama. But nothing in this conflict of laws rule requires us to apply the statutory law of Georgiathe workmen's compensation act not here invokedto exclude the injured employee's right to bring the third party action. See Norris, 460 So.2d at 153 (Jones, J., concurring in the result).
ALMON and ADAMS, JJ., concur.
NOTES
[1] Georgia Code 1981, § 34-9-11, which provides for co-employee immunity, reads in pertinent part as follows:

"The rights and remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tortfeasor, other than an employee of the same employer...." (Emphasis added.)