I respectfully dissent. *Page 571 
Employed in Alabama and injured in Georgia, Powell could have filed for workmen's compensation benefits under either the law of Alabama (the site of his employment), or the law of Georgia (the site where the injury occurred). See, Code 1975, §25-5-35. See, also, Restatement (Second) Conflict of Laws § 181 (1969). Because he elected to pursue his remedy under the Alabama Workmen's Compensation Act, Powell invoked that Act inits entirety. Therefore, Powell's right to a cause of action for personal injury against his co-employees is also derived from the Alabama statute:
 "Where the injury or death for which compensation is payable under this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not such party is subject to the provisions of this chapter, the employee, or his dependents in case of his death, may proceed against the employer to recover compensation under this chapter or may agree with the employer upon the compensation payable under this chapter, and, at the same time, may bring an action against such other party to recover damages for such injury or death, and the amount of such damages shall be ascertained and determined without regard to this chapter." Code 1975, § 25-5-11. (Emphasis supplied.)
The majority cites our recent reaffirmance of the conflict of laws rule of lex loci delicti as applied to tort actions in Alabama (see Norris v. Taylor, 460 So.2d 151 (Ala. 1984)) as support for its holding that Georgia law governs Powell's right to sue his co-employees. I have no problem with this general rule, in a non-workmen-compensation context, requiring that an injured party's substantive rights be determined by the law of the state where the injury occurred, even where, as here, the alleged negligence occurred in Alabama. Indeed, this rule was correctly applied in Norris, because in that case "the record fail[ed] to disclose any allegations or proof that the employee [had] pursued, or [was] pursuing, his workmen's compensation claims under the Alabama Act." See Norris, 460 So.2d at 153 (Jones, J., concurring in the result). There is, however, a critical distinction between the facts in Norris and the facts of the instant case which, I believe, requires us to apply here the workmen's compensation exception to the general conflict of laws rule.
By electing to file for and accept benefits under the workmen's compensation law of his state of employment (here, Alabama), and not under the workmen's compensation law of the state in which he was injured, Powell necessarily subjected himself to Alabama's entire workmen's compensation statute. He took its limitations and restrictions, as well as its benefits.Western Union Telegraph Co. v. George, 239 Ala. 80, 194 So. 183
(1940). In Norris, there was no affirmative showing that the injured employee claimed workmen's compensation benefits in Alabama (the state of his employment) rather than in Kentucky (the state where the injury occurred). Powell, however, did file for and did receive workmen's compensation benefits in Alabama — the state of his employment; therefore, he is entitled to the substantive right of a cause of action for personal injury against his co-employees. § 25-5-11. See, also,Elston v. Industrial Lift Truck Co., 420 Pa. 97, 216 A.2d 318
(1966). (The accident in question occurred before the effective date of the 1984 amendment restricting third-party claims against co-employees. See Act No. 85-41, § 3, Second Special Session, 1984-85 Ala. Acts.)
From the very inception of this State's Workmen's Compensation Act in 1919, an injured employee's right to recover from a third party has been regulated by the Act. Originally, a "third party" did not include any employer covered by the Act. Harris v. Louisville N.R. Co., 237 Ala. 366,186 So. 771 (1939). The 1939 amendment redefined "third party" to include "any party other than the employer, whether or not such party is subject to the provisions of this chapter." Act 661, § 8, Ala. Acts 1939; now codified at §25-5-11 (a), 1975 Code. The 1984 amendment (effective Feb. 1, 1985) further restricts third-party claims against co-employees, allowing recovery *Page 572 
for willful injury only. In other words, the public policy of the Workmen's Compensation Act, which subjects employers and employees to its provisions, also controls the right of injured employees to bring third-party claims. Here, having elected coverage under Alabama's Act, Powell is entitled to all its provisions, including the third-party provisions of § 25-5-11. The "forum shopping" evil described in the majority opinion is hardly justified in light of the public policy expressed in §25-5-35 that gives an injured employee the right to proceed under Alabama's Workmen's Compensation Act even if he first recovers under the workmen's compensation act of another state.Sager v. Royce Kershaw Co., 359 So.2d 398 (Ala.Civ.App. 1978).
In my opinion, the majority has misapplied the traditional conflict of laws rule to the facts of this case. The traditional lex loci delicti rule still has full application to the trial of the third party common law action. It is the Georgia law, not the Alabama law, that governs the trial of this case in Alabama. But nothing in this conflict of laws rule requires us to apply the statutory law of Georgia — the workmen's compensation act not here invoked — to exclude the injured employee's right to bring the third party action. SeeNorris, 460 So.2d at 153 (Jones, J., concurring in the result).
ALMON and ADAMS, JJ., concur.