[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON THIRD PARTY DEFENDANT'S MOTION TO STRIKE
In this case a worker was seriously injured while running a machine at his employer's factory. He sued his employer and also the defendant Werner Pfleider Corporation, alleged to be a CT Page 8299 product seller of the machine. The action against Werner is based upon §§ 52-572 (m), et seq., of the General Statutes. In the suit against his employer, the plaintiff alleges his injuries were caused by the defendant employer's intentional, wrongful, wilful, or serious misconduct which was substantially certain to cause grave injury.
The defendant Werner, as a third party plaintiff, has impleaded the workers' employers as third party defendants relying on two statutes: §§ 52-572 (o) and 52-577 (a) of the General Statutes.
Section 52-572 (o) reads in relevant part:
 (e) If a judgment has been rendered, any action for contribution must be brought within one year after the judgment becomes final. If no judgment has been rendered, the person bringing the action for contribution either must have (1) discharged by payment the common liability within the period of the statute of limitations applicable to the right of action of the claimant against him and commenced the action for contribution within one year after payment, or (2) agreed while action was pending to discharge the common liability and, within one year after the agreement, have paid the liability and brought an action for contribution.
Section 52-577 (a) reads as follows:
 (b) In any [product liability] action a product seller may implead any third party who is or may be liable for all or part of the claimant's claim, if such third party defendant is served with the third party complaint within one year from the date of the cause of action brought under subsection (a) of this section is returned to court.
There are apparent inconsistencies between §§ 52-102a,52-572 (o)(e) and 52-577a(b) of the General Statutes. Malerba v.Cessna Aircraft Co., 210 Conn. 189 (1989) harmonized these inconsistencies "by concluding that the preconditions of §52-572 (o)(e) apply only to those circumstances where a party elects to pursue an independent cause of action for a contribution rather than impleading the prospectively liable CT Page 8300 third party as authorized by §§ 52-102a and 52-577 (a)(b)." Id at page 195. Here the defendant Werner, on two occasions, has impleaded the third party defendants within one year of the date of the initiation of the product liability claim.
That's not the problem here. The difficulty is presented because of the necessity of interpreting the various rights of the parties under the product liability act in light of the requirements of the Workers' Compensation Act.
The third party defendants, the employers, prevailed on a motion to strike the first third party action brought against them by the third party plaintiff — Werner, the product (machinery) seller. In that case the judge struck the third party complaint based on Ferryman v. Groton, 212 Conn. 138 (1989) where the court said the protection to employers afforded by the act cannot be subjected to an indemnifications claim unless 'the employer can be said to have breached an independent legal duty toward the third party (plaintiff, here Werner) or if there is a basis for finding an implied promise of indemnity. . . . Id. Pp. 144-145: "The policy behind the Workers' Compensation Act requires that once an employer is liable for workers' compensation payments it cannot become liable further in tort in connection with the same injury." DeMonte v. Rutkowski,
1996 Conn. Super. Lexis 254 (1996). But the protections offered byFerryman's and DeMonte's interpretation of the Workers' Compensation Act only become operative if the employer is otherwise protected by the act in the first place from an action by its employee. Here the plaintiff Recalde has filed a separate suit against his employer, the third party defendants, alleging his injuries, resulted from the intentional conduct of the employer; this would be an exception to the protection otherwise afforded an employer under the act. Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 106 (1994); Jett v. Dunlap, 179 Conn. 215,217 (1979).
The exact language of Suarez is that there is a narrow exception to the bar against actions directed to the employer under the Workers' Compensation Act: "When the employee has committed an intentional tort or where the employer has engagedin wilful or serious misconduct," 229 Conn. At p. 106. Whatever the underlined means, whether for example it means something less than intentional conduction is dicta since in Suarez there was an allegation of intentional conduct as there was in Jett v. Dunlap,
supra. CT Page 8301
The most general authority available says that following:
 "Where an employer is charged with intentional misconduct which does not go beyond failure to assure a safe working environment, workers' compensation is the exclusive remedy for injuries suffered by an employee. The failure to furnish a safe place to work does not rise to the level of intentional injury except when the employer believes his (sic) conduct is substantially certain to cause the injury; where such an actual intent to harm exists, a legal action, separate from the workers' compensation remedy is available.
 An employer's modification or removal of safety controls or guards is not the equivalent of an intentional injury for purposes of escaping the exclusivity provisions."
See "Workers' Compensation", 82 Am.Jur.2d, § 79, pp. 84-85. See also Handley v. Union Carbide Corp., 804 F.2d 265, 269
(CA4, applying W. Va. Statutory law); also see numerous cases cited at footnote 3 on page 85. One case went so far as to hold that a complaint alleging work-related injuries due to an employer's deliberate failure to provide a safe work place, that does not allege facts showing a "desire" to bring about injurious consequences or that employer's acts were premeditated with a specific intent to injure, fails to avoid the bar of the act.Miller v. Ensco, Inc., 692 S.W.2d 615, 617 (Ark., 1985).
The article at § 80 goes on to note at pp. 86-87 that even the intentional violation of OSHA or other health and safety regulations will not allow an employee to avoid the bar of the act, although such actions can be an element of proof toward establishing that the employer acted with deliberate intention to cause injury.
The employer must engage in misconduct knowing that it is substantially certain to cause injury; simple negligence or gross negligence is not enough the misconduct must be "tantamount to an intentional tort," § 75, 82 Am.Jur.2d, page 81.
Even the plaintiff Recalde in the companion action recognizes the foregoing principles in his April 8, 1996 objection to the defendant employers' request to revise, he says at page 2: CT Page 8302
 "Rather in accordance with the court's holding in Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 106
(1994), the plaintiff is alleging that the employer's wrongful conduct or wilful or serious misconduct was substantially certain to cause the serious injury suffered by Victor Recalde — the elements of an intentional tort case. To avoid any confusion on this point, plaintiff will agree to delete the language "or should have known" from paragraph 12 of the (Recalde) complaint as this language is typically found in a negligence cause of action."
The Revised Third Party Complaint now before the court takes out the characterization of the employer's conduct as being that of "negligence and/or recklessness". (See Third Revised Complaint, dated February 28, 1996). Another judge struck a third party complaint using that language so the current Revised Complaint does not characterize the defendant employer's conduct but merely makes a series of allegations in the twelfth paragraph that the employer "knew or should have known" certain actions taken or not taken by the employer were "substantially certain" to cause serious injury to the worker. (Emphasis added).
That won't do. It sounds in negligence and the policies behind the Workers' Compensation Act require that an explicit statement of intentional activity by the employer be alleged.[1] The court will strike the Revised Third Party Complaint pursuant to P.B. § 152 and also pursuant to its inherent power recognized in P.B. § 108 to order a fuller and more particular statement of the issues if the pleading before the court does not fully disclose the claim being made or define the issues in dispute.
The motion to strike is granted.
Corradino, J.